# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

STEVEN A. HEWITT                    )
                                   )
                    Plaintiff,     )
                                   )
        v.                         )          Civil Action No. 07-1097 (RWR)
                                   )
CONDOLEEZZA RICE,                  )
Secretary of State,                )
                                   )
                    Defendant.     )
_____ )

## DEFENDANT'S MOTION TO DISMISS OR,
## IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant Condoleezza Rice, through counsel, the United States Attorney for the District

of Columbia, respectfully moves to dismiss Plaintiff's Complaint for lack of jurisdiction and for

failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).  In

the alternative, Defendant moves for summary judgment pursuant to Fed. R. Civ. P. 56, as there are

no genuine issues of material fact, and Defendant is entitled to judgment as a matter of law.[1]

---

[1]     Plaintiff should take notice that any factual assertions contained in the documents in support of this motion may be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the documents.  See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992), Local Rule 7(h); 56.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

(continued...)

Attached in support of this motion are a Memorandum of Points and Authorities and a statement of material facts not in dispute, pursuant to Local Rule 7.1.  A proposed order consistent with this motion also is attached.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____/s/_____
OLIVER W. McDANIEL, D.C. Bar No. 377-360
Assistant United States Attorney

Attorneys for Defendant

---

(...continued)
    If the adverse party does not so respond, summary judgment, if appropriate, shall be
    entered against the adverse party.

Fed. R. Civ. P. 56(e).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEVEN A. HEWITT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1097 (RWR) |
| | ) | |
| CONDOLEEZZA RICE, | ) | |
| Secretary of State, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff advances this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.

Section 2000e et seq., and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq.[2]  He alleges that

Defendant failed to provide a reasonable accommodation for his alleged disability and terminated

his employment unlawfully.  Because Plaintiff failed to exhaust his administrative remedies within

the statutory limits, his claims should be dismissed for lack of subject matter jurisdiction.  Moreover,

there is simply neither evidence that Plaintiff is a "qualified individual" under the Rehabilitation Act

nor evidence of discrimination, thus, Plaintiff's only viable claims fail.  Plaintiff's assertion of these

claims contradicts his statements to the government in support of his worker's compensation and

_____

[2]  Although Plaintiff cites to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*, he makes no allegation that he is a member of any of the protected classes under that Act.  See Faragher v. City of Boca Raton, 524 U.S. 775, 786 (1998), quoting 42 U.S.C. § 2000e-2(a)(1) (Title VII makes it "an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.").  Construing the Complaint in favor of the *pro se* Plaintiff, it appears that the sole claim that he raises is discrimination under the Rehabilitation Act.  Accordingly, the Defendant will address that claim.

retirement claims that he was too disabled to work. Consequently, as Defendant sets forth more fully below, the Court should grant Defendant's motion to dismiss or, in the alternative, grant summary judgment in favor of Defendant and dismiss the complaint with prejudice.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced employment with the Department of State as an Elevator Mechanic (Adjustor), GS-11, step 5, effective August 31, 1986, following a transfer of that function from the General Services Administration ("GSA"). See Declaration of James A. Forbes ("Forbes Decl.") at ¶ 3 and Attachment 1 thereto. After commencing employment at the Department of State, Plaintiff re-injured his back on October 16, 1986. See id.; Complaint at Exhibit 4. Plaintiff was placed in Leave Without Pay status effective October 17, 1986 through August 26, 1991. See Forbes Decl. at ¶ 3 and Attachment 2 thereto. Plaintiff received worker's compensation benefits under the Federal Employees' Compensation Act (FECA) during this time. Id.

Plaintiff returned to work at the Department of State on August 27, 1991. See Forbes Decl. at ¶ 4 and Attachment 2 thereto. He was offered a position as a WG-6, step 5, Motor Vehicle Operator, as it was the only physically appropriate job available. See id. and Attachment 3 thereto; Complaint, Exhibits 9 and 12. Following his return to duty, Plaintiff also was entitled to Loss of Wage Earning Capacity. See id.; Complaint, Exhibit 13.

On September 16, 1991, a little more than two weeks after returning to work, Plaintiff informed his supervisor that he would not be able to work due to pain he was experiencing from the 1986 back injury. See Forbes Decl. at ¶ 5; Complaint, Exhibit 14. Plaintiff provided medical documentation (indicating that he was totally incapacitated and unable to perform the duties of the position) and requested that he be placed on leave without pay status. See id.; Complaint,

Exhibits14, 15. Thereafter, on November 18, 1991, the Department of State sent a letter to Plaintiff proposing his removal from the position of a WG-6 Motor Vehicle Operator, due to his physical inability to perform the duties of the position. See Forbes Decl. at ¶ 6; Complaint, Exhibits 14 and 15. The letter notes that on September 16, 1991, Plaintiff "provided A/EX [Executive Office for the Bureau of Administration] with medical certification indicating that [he was] totally incapacitated and unable to perform the duties of [his] position." See Complaint, Exhibit 15 at 1. Plaintiff was removed from employment, effective December 31, 1991. See Forbes Decl. at ¶ 7; Complaint, Exhibit 2. He was advised of his right to file an appeal with the Merit Systems Protection Board ("MSPB"). See id.; Complaint, Exhibit 17.

Plaintiff subsequently filed an application for disability retirement under the Civil Service Retirement System ("CSRS"). See Forbes Decl. at ¶ 8. He elected disability retirement benefits under the CSRS, effective May 1, 1995. See id.; Complaint, Exhibit 21.

Eleven years later, on October 10, 2006, Plaintiff contacted the Department of State's Office of Civil Rights. See Declaration of Jacqueline Canton ("Canton Decl.") at ¶ 4 and Attachment 1 thereto. He alleged that the Department of State discriminated against him because of his disability (herniated disk and sciatic nerve damage), when he was terminated from employment on December 31, 1991. See id. Plaintiff filed a formal complaint of discrimination on November 7, 2006, claiming that he was subjected to discrimination on the basis of disability when defendant terminated his employment on December 31, 1991. See Canton Decl. at ¶ 5 and Attachment 2 thereto.

By letter dated December 1, 2006, the Department of State advised Plaintiff that it was dismissing his complaint for failure to timely contact an EEO counselor. See Canton Decl. at ¶ 6

4

and Attachment 3 thereto.  On January 22, 2007, he appealed the Department of State's dismissal

to the Equal Employment Opportunity Commission ("EEOC").  See id. at ¶ 7 and Attachment 4

thereto.  In its April 20, 2007 Decision, the EEOC affirmed the Agency's final decision dismissing

the complaint, noting that "the alleged discriminatory event occurred on December 31, 1991, but

that the complainant did not initiate contact with an EEO Counselor until October 10, 2006, which

is beyond the forty-five (45) day limitation period."  See id. and Attachment 5 thereto.

## II.    LEGAL STANDARDS

### A.    Requests For Dismissal

Defendant moves for dismissal of Plaintiff's Complaint under Rule 12(b)(6) for failure to

state a claim.    The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency

of a complaint.  Atchinson v. District of Columbia, 73 F. 3d 418, 421 (D.C. Cir. 1996).  A complaint

may be dismissed for failure to state a claim upon which relief may be granted, if the facts pled and

reasonable inferences therefrom are legally insufficient to support the relief requested.  Appleton

v. United States, 69 F. Supp. 2d. 83, 86 (D.D.C. 1999); Sparrow v. United Air Lines, Inc., 216 F.3d

1111, 1117 (D.C. Cir. 2000).  A court should dismiss a complaint for failure to state a claim when

the complaint fails "to raise a right to relief above the speculative level."  E.g., Bell Atlantic v.

Twonbly, 1275 S.Ct. 1955, 1956 (2007).  The court need not, however, accept as true the plaintiff's

legal conclusions.  See Taylor v. FDIC, 132 F.3d 753, 762 (D.C. Cir. 1997).  From the facts alleged

in the complaint in this case, Plaintiff can prove no set of facts that would entitle him to relief.

### B.    Evidentiary Standard For Summary Judgment

Where no genuine dispute exists as to any material fact, summary judgment is required.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A genuine issue of material fact is one that

would change the outcome of the litigation.  Id. at 247.  "The burden on the moving party may be discharged by 'showing'—that is, pointing out to the [Court]—that there is an absence of evidence to support the non-moving party's case."  Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).  Once the moving party has met its burden, the non-movant—here Plaintiff—may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Thus, to avoid summary judgment, Plaintiff must present some objective evidence that would enable the Court to find he is entitled to relief.

In Celotex Corp. v. Catrett, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute.  477 U.S. 317, 322-23 (1986); see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor).  In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

## III.  ARGUMENT

### A.    Plaintiff's Claims Should Be Dismissed for Failure to Exhaust Administrative Remedies Within The Forty-Five (45) Day Limitation Period

The exhaustion requirements of the Rehabilitation Act and Title VII are nearly identical.  See 42 U.S.C. § 2000e-16(c) (outlining procedures for Title VII claims); United Air Lines v. Evans, 431 U.S. 553, 555 (1977); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973); Kien v. United

States, 749 F. Supp. 286, 289 (D.C. Cir. 1990) (Title VII requirement of administrative exhaustion applies to claims under Rehabilitation Act); Rattner v. Bennett, 701 F. Supp. 7, 9 (D.D.C. 1988) (Rehabilitation Act "borrows" procedures and remedies from Title VII); Lynch v. Bennett, 665 F. Supp. 62, 64 n.6 (D.D.C. 1987) (procedures under Rehabilitation Act are "identical" to those under Title VII).

According to the procedures of Title VII, as incorporated into the Rehabilitation Act, Plaintiffs seeking relief must satisfy two procedural thresholds: 1) filing a timely complaint with the agency involved, and 2) exhaustion of administrative remedies before filing in federal district court. Brown v. General Servs. Admin., 425 U.S. 820, 832 (1976); 29 C.F.R. § 1614.105 (2000). The purpose of these requirements is to provide the agency with notice of any claimed discrimination and an opportunity to rectify any wrong, either by conciliation or through the use of administrative relief. Brown v. Marsh, 777 F.2d at 14; see also Brown v. General Servs. Admin., 425 U.S. at 833-35. Courts recognize that conciliation and intra-agency administrative resolution, rather than litigation, are the objectives of Title VII and the Rehabilitation Act, and therefore regard exhaustion of statutory administrative remedies as a prerequisite to judicial relief. Siegel v. Kreps, 654 F.2d 773, 776-777 (D.C. Cir. 1981).

Where the defendant is a federal entity, as here, bypass of the administrative process is particularly inappropriate. If a plaintiff proceeds directly to district court, it would undermine "[t]he crucial administrative role that each agency together with the Civil Service Commission [(now EEOC)] was given by Congress in the eradication of employment discrimination." DeMedina v. Reinhardt, 444 F. Supp. 573, 579 (D.D.C. 1978) (citation omitted). Indeed, "[a] plaintiff who fails to comply, to the letter, with administrative deadlines ordinarily will be denied a judicial audience."

7

Brown v. Marsh, 777 F.2d 8, 13 (D.C. Cir. 1985); see also Williamson v. Shalala, 992 F. Supp. 454, 457 (D.D.C. 1999) (applying this standard specifically to Rehabilitation Act claim). Kizas v. Webster, 707 F.2d 524, 544-45 (D.C. Cir. 1983), *cert. denied*, 464 U.S. 1042 (1984).

Plaintiffs who fail to exhaust administrative remedies cannot raise the claims in district court. 42 U.S.C. § 2000e-16(c); see Spinelli v. Goss, 446 F.3d 159, 162 (D.C. Cir. 2006); Park v. Howard University, 71 F.3d 904, 907-909 (D.C. Cir. 1995), *cert. denied*, 117 S. Ct. 57 (1996); Bayer v. U.S. Dep't of Treasury, 956 F.2d 330, 332 (D.C. Cir. 1992); Jensen v. Frank, 912 F.2d 517 (1st Cir. 1990); Saltz v. Lehman, 672 F.2d 207 (D.C. Cir. 1982); Miller v. Smith, 584 F. Supp. 149, 154 (D.D.C. 1984). EEOC regulations applicable to Rehabilitation Act claims are implemented pursuant to 42 U.S.C. § 2000e-16(b) and require an aggrieved person to contact an EEO counselor within forty-five (45) days of the event triggering the complaint. 29 C.F.R. § 1614.105(a)(1). A plaintiff's failure timely to contact an EEO counselor or timely to file a formal complaint of discrimination with the agency in many instances constitutes a failure to exhaust administrative remedies and usually is grounds for dismissal. See Wilkins v. Daley, 49 F.Supp.2d 1, 2 (D.D.C. 1999); Williamson v. Shalala, 992 F. Supp. 454, 457-58 (D.D.C. 1998).

The alleged discriminatory actions that Plaintiff raises in this proceeding must have occurred in the forty-five (45) days prior to the date of his initial EEO counselor contact (absent equitable tolling or allegations of a continuing violation, neither of which apply here). See Anderson v. Zubieta, 180 F.3d 329, 334-35 (D.C. Cir. 1999); Smith v. Pena, 1998 WL 164774 at *1 (D.D.C. 1998); 29 C.F.R. § 1614.105(a)(1).[3] The triggering standard that initiates the 45-day limitations

---

[3]  The applicable standard, 29 C.F.R. § 1614.105(a)(1), states that "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be
(continued...)

period for EEO counselor contact is "reasonable suspicion." <u>Paredes v. Nagle</u>, 1982 WL 319 (D.D.C. 1982). Accordingly, when a plaintiff "obtains information that gives him a reasonable suspicion that he has been the victim of discrimination," the limitations period begins to run. <u>See</u> <u>Hyson v. Boorstin</u>, 1982 WL 155452 at *2 (D.D.C. 1982) (internal quotations omitted); <u>see</u> <u>also</u> <u>Delaware State College v. Ricks</u>, 449 U.S. 250, 258, 261 (1980) ("limitations periods normally commence when the employer's decision is made" and a plaintiff must complain when discrimination occurs not when effects of discrimination are felt by plaintiff at different time). Plaintiff bears the burden of pleading and proving reasons sufficient to excuse noncompliance with the statutory limitations period. <u>Bayer v. Dep't of the Treasury</u>, 956 F.2d 330, 332-33 (D.C. Cir. 1992). Applying these stringent exhaustion doctrines to this case, Plaintiff's claims must be dismissed.

In this case, Plaintiff did not file a complaint concerning, or otherwise challenge, his removal from the Department of State in 1991. Therefore, he cannot seek *post hoc* relief based upon that removal. Any allegations relating to his removal must be dismissed. Given that his removal was based upon Plaintiff's inability to work following the workplace injury sustained in 1986, Plaintiff knowingly relinquished a critical opportunity to challenge the basis for his removal. Of course, this failure to interpose a challenge also meant that the Department of State did not receive fair notice of the challenge and an opportunity to assemble documents, memorialize employee recollections or

---

(...continued)
discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."

9

even take some corrective action that might have been necessary, though, it appears, none was necessary.[4]

### B. Plaintiff's Rehabilitation Act Claim Should Be Dismissed

#### 1. Disability Standards

The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability" may be discriminated against by a federal agency or recipient of federal funds "solely by reason of her or his disability." 29 U.S.C. § 794(a). EEOC regulations interpreting Section 501 require agencies to make reasonable accommodations for persons with a disability unless such accommodations would impose an undue hardship on the agency. 29 C.F.R. § 1614.203(c). Because of the similarity between the Americans with Disabilities Act of 1990 and the Rehabilitation Act, "cases interpreting either are applicable and interchangeable."[5] 29 U.S.C. § 794(d) ("[t]he standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under [certain provisions of] the Americans with Disabilities Act."); Scarborough v. Natsios, 190 F. Supp 2d 5 (D.D.C. 2002) citing Gorman v. Bartch, 152 F.3d 907, 912 (8th Cir.1998); accord, Bugg-Barber v. Randstad US L.P.. 271 F.Supp.2d 120, 127 (D.D.C. 2003).

---

[4]  Plaintiff alleges that he contacted "the EEO," however, this was *before* he "took the job" of a WG-6 Motor Vehicle Operator. See Complaint at 8. Moreover, the person to whom Plaintiff spoke that he alleges worked in the EEO office (Dorothy Blacker), see Complaint at 8, did not work in the Department's Office of Civil Rights in 1991, see Canton Decl. at ¶ 7. According to Plaintiff's Exhibit 21, she worked in "PER/RET, which refers to the Office of Retirement in the Bureau of Personnel. Lastly, Plaintiff does not allege that he contacted an EEO counselor after receiving the November 18, 1991 letter, proposing his removal from employment.

[5]  The ADA bars discrimination against a "qualified individual with a disability ... in regard to ... the ... discharge of employees ... and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

The Rehabilitation Act defines an "individual with a disability" as "any person who (I) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment." 29 U.S.C. § 706(8)(B); see also 29 U.S.C. § 794(a). In turn, a disability is "a physical or mental impairment that substantially limits one or more of the major life activities."[6]  29 U.S.C. § 705(9)(B).    The Rehabilitation Act not only requires an individual to be disabled, but also requires him or her to be "qualified" for the employment position at issue.  A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." Id. § 12111(8); see 29 C.F.R. § 1614.203(a)(6) (EEOC Rehabilitation Act regulation).[7] Accordingly, an individual with a disability is "qualified" if he or she can perform the essential functions of the position with a reasonable accommodation. Carr v. Reno, 23 F.3d 525, 529 (D.C. Cir. 1994).[8]

In sum, to allege a truly disabling condition for purposes of claims similar to those raised here, a plaintiff must prove, by a preponderance of the evidence, that he has a permanent or long-term

_____

[6] The words "disability" and "handicap" are used interchangeably in this brief.  See Randon v. Abbott, 524 U.S. 624, 631 (1998) ("The ADA's definition of disability is drawn almost verbatim from the definition of 'handicapped individual' included in the Rehabilitation Act....")

[7] The ADA defines the term "discriminate" to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A); see 29 C.F.R. § 1614.203(c)(1).

[8] The ADA further defines the term "reasonable accommodation" to include "job restructuring [and] part-time or modified work schedules." 42 U.S.C. § 12111(9); see 29 C.F.R. § 1614.203(c)(2).

impairment which substantially limits a major life activity, but that with a reasonable accommodation (which he must demonstrate exists), he can perform the essential functions of his job. See Aka v. Washington Hospital Center, 156 F.3d 1284 (D.C. Cir. 1998); Flemmings v. Howard University, 198 F.3d 857, 861 (D.C. Cir. 1999); Paegle v. Dep't of the Interior, 813 F.Supp. 61, 64 (D.D.C. 1993) ("The [Rehabilitation] Act identifies a handicap as a severe disability of a permanent nature); Pugh v. J.C. Penny Co., Inc., Civ.A.No. 97-3846, 1996 WL 263219, *6 (E.D.La. May 15, 1996); Dorchy v. Washington Metropolitan Area Transit Authority, 45 F.Supp. 2d 5, 11 and 13 (D.D.C. 1999) (Employee has the burden of proving that she can perform the essential functions of her job and proffering a reasonable accommodation that will allow her to perform these functions.); Feliciano v. Rhode Island, 160 F.3d 780 (1st Cir. 1998) (Plaintiff bears the burden of showing the existence of a reasonable accommodation).

> 2.    Plaintiff Was Not A "Qualified Person" Since He Had Been
>        Terminated and Was Not A Job Applicant

A "qualified individual with a disability" is someone who "holds or desires" an employment position.  42 U.S.C. § 12111(8); see also, Gonzales v. Garner Food Services, Inc., 855 F.Supp. 371, 374 (N.D.Ga. Mar 17, 1994), aff'd after appeal, 89 F.3d 1523 (11th Cir. 1996), reh'g & reh'g en banc denied, 104 F.3d 373, cert. denied, 520 U.S. 1229, 117 S.Ct. 1822 (1997).  Although the statute is written in terms suggesting that desire for a position is sufficient to trigger coverage of the Act, as explained by the court in Gonzalez, "[s]uch a construction, however, would be problematical." Id. "The legislative history of the ADA [(and likewise the Rehabilitation Act)]makes clear that the definition of a "qualified individual with a disability" is directed towards job applicants and employees.  Id., citing 1990 U.S.C.C.A.N. at 337, 432 & 456.  As further explained by the Gonzalez court, "use of the word desire outside the job applicant or job promotion context would allow an act

12

of discharge to be turned into a 'continuing violation' by virtue of the Plaintiff's continued 'desire' for the position.   Such a reading would run counter to Title VII and ADEA precedent which holds that a failure to rehire and simple request to be rehired cannot resurrect a simple discharge claim under the 180-day filing requirement for the EEOC." Id., citing  Burnam v. Amoco Container Co., 755 F.2d 893, 894 (11th Cir.1985).

Since Plaintiff here was lawfully terminated from the Department of State in 1991 and did not challenge his termination, he cannot now assert rights as if he had continued status as an employee. To the extent that the Department of State may have been required to offer Plaintiff an accommodation in the form of a position at a lower grade or a restructured position while he was still employed, this requirement was satisfied before Plaintiff's termination.  Plaintiff has no rights under the Rehabilitation Act in these circumstances, and thus has no viable claim.

## IV.   <u>CONCLUSION</u>

Based on the foregoing and on the entire record in this case, Defendant respectfully requests that the Court grant its motion to dismiss or, in the alternative, for summary judgment.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR., D.C. Bar #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____/s/_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 16th day of October, 2007, I caused the foregoing Motion for

Dismiss or, in the alternative, Summary Judgment, Memorandum of Points and Authorities in

Support Thereof, Statement of Material Facts, and Proposed Order, to be served by the Electronic

Court Filing system, and a paper copy thereof, postage pre-paid, by mail, on the Plaintiff as follows:

Steven A. Hewitt
13270 Main Avenue
P.O. Box 401
Cobb Island, MD 20625


_____/s/_____
OLIVER W. McDANIEL, D.C. Bar No. 377-360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 616-0739

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
**STEVEN A. HEWITT,**                   )
                                        )
            **Plaintiff,**              )
                                        )
        **v.**                          )    **Civil Action No. 07-1097 (RWR)**
                                        )
**CONDOLEEZZA RICE,**                   )
**Secretary of State**                  )
                                        )
            **Defendant.**              )
_____)

**ORDER**

UPON CONSIDERATION of Defendant's motion to dismiss or, in the alternative, for

summary judgment, the grounds stated therefor, any opposition thereto, and the entire record

herein, it is on this ___ day of _____, hereby:

ORDERED that Defendant's motion should be and hereby is GRANTED; and it is

FURTHER ORDERED that this case is hereby DISMISSED WITH PREJUDICE.



                                        _____
                                        UNITED STATES DISTRICT JUDGE

cc:

Oliver McDaniel
Assistant U.S. Attorney
United States Attorney's Office
Judiciary Building, Rm. E 4917
555 Fourth Street, N.W.
Washington, D.C.  20530

Steven A. Hewitt
133270 Main Avenue
P.O. Box 401
Cobb Island, MD 20625

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEVEN A. HEWITT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1097 (RWR) |
| | ) | |
| CONDOLEEZZA RICE, | ) | |
| Secretary of State, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Pursuant to Local Rule 7.1(h), Defendant submits the following statement of material facts for which there is no genuine issue.

1.  Plaintiff commenced employment with the Department of State as an Elevator Mechanic (Adjustor), GS-11, step 5, effective August 31, 1986, following a transfer of that function from the General Services Administration ("GSA").  See Declaration of James A. Forbes ("Forbes Decl.") at ¶ 3 and Attachment 1 thereto.

2.  After commencing employment at the Department of State, Plaintiff re-injured his back on October 16, 1986.  See id.; Complaint at Exhibit 4.

3.  Plaintiff was placed in Leave Without Pay status effective October 17, 1986 through August 26, 1991.  See Forbes Decl. at ¶ 3 and Attachment 2 thereto.   Plaintiff received worker's compensation benefits under the Federal Employees' Compensation Act during this time.  Id.

4.  Plaintiff returned to work at the Department of State on August 27, 1991.  See Forbes Decl. at ¶ 4 and Attachment 2 thereto.  He was offered a position as a WG-6, step 5,

Motor Vehicle Operator, as it was the only physically appropriate job available.  See id. and Attachment 3 thereto; Complaint, Exhibits 9 and 12.

5.  Following his return to duty, Plaintiff also was entitled to Loss of Wage Earning Capacity.  See id.; Complaint, Exhibit 13.

6.  On September 16, 1991, Plaintiff informed his supervisor that he would not be able to work due to pain he was experiencing from the 1986 back injury.  See Forbes Decl. at ¶ 5; Complaint, Exhibit 14.  Plaintiff provided medical documentation (indicating that he was totally incapacitated and unable to perform the duties of the position) and requested that he be placed on leave without pay status.  See id.; Complaint, Exhibits 14, 15.

7.  Thereafter, on November 18, 1991, the Department of State sent a letter to Plaintiff proposing his removal from the position of a WG-6 Motor Vehicle Operator, due to his physical inability to perform the duties of the position.  See Forbes Decl. at ¶ 6; Complaint, Exhibits 14 and 15.  The letter notes that on September 16, 1991, Plaintiff "provided A/EX [Executive Office for the Bureau of Administration] with medical certification indicating that [he was] totally incapacitated and unable to perform the duties of [his] position."  See Complaint, Exhibit 15 at 1.

8.  Plaintiff was removed from employment, effective December 31, 1991.  See Forbes Decl. at ¶ 7; Complaint, Exhibit 2.  He was advised of his right to file an appeal with the Merit Systems Protection Board ("MSPB").  See id.; Complaint, Exhibit 17.

9.  Plaintiff subsequently filed an application for disability retirement under the Civil Service Retirement System ("CSRS").  See Forbes Decl. at ¶ 8.  He elected disability retirement benefits under the CSRS, effective May 1, 1995.  See id.; Complaint, Exhibit 21.

10.  On October 10, 2006, Plaintiff contacted the Department of State's Office of Civil Rights.

<u>See</u> Declaration of Jacqueline Canton ("Canton Decl.") at ¶ 4 and Attachment 1 thereto.

He alleged that the Department of State discriminated against him because of his

disability (herniated disk and sciatic nerve damage), when he was terminated from

employment on December 31, 1991.  <u>See</u> <u>id.</u>

11.    Plaintiff filed a formal complaint of discrimination on November 7, 2006, claiming that

he was subjected to discrimination on the basis of disability when defendant terminated

his employment on December 31, 1991.  <u>See</u> Canton Decl. at ¶ 5 and Attachment 2

thereto.

Respectfully submitted,


_____
/s/
JEFFREY A. TAYLOR., D.C. Bar #498610
United States Attorney


_____
/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____
/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEVEN A. HEWITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-1097 (RWR) |
| | ) | |
| CONDOLEEZZA RICE, | ) | |
| Secretary of State, | ) | |
| | ) | |
| Defendant. | ) | |

DECLARATION OF JAMES A. FORBES

I, James A. Forbes, do hereby declare as follows:

1. My name is James A. Forbes. I am the Director of the Office of Employee Relations in the Bureau of Human Resources in the Department of State (HR/ER). In this capacity, I am responsible for management oversight and policy guidance related to employee relations issues, including separations and benefits under the Federal Employees' Compensation Act ("FECA"). As such, and based on documents I have reviewed, my office was involved in matters relating to the plaintiff in this matter, Steven A. Hewitt, beginning over 20 years ago in 1986.

2. I have reviewed available records concerning the plaintiff, Steven A. Hewitt, including Mr. Hewitt's Official Personnel File, and documents he attached to the Complaint he filed in this action. Given the passage of time, the documents available concerning Mr. Hewitt are limited. Our records reflect that a case file on Mr. Hewitt that was maintained in HR/ER was retired in 1994, and destroyed in 1998 pursuant to established Department of State records dispositions schedules. I make the following statements based upon my review of the available documents.

1

3. Mr. Hewitt commenced employment with the Department of State as an Elevator Mechanic (Adjustor), GS-11, step 5, effective August 31, 1986, following a transfer of that function from the General Services Administration ("GSA"). See Attachment 1. After commencing employment at the Department of State, Mr. Hewitt re-injured his back on October 16, 1986. Complaint, Exhibit 4. Mr. Hewitt was placed on Leave Without Pay status effective October 17, 1986, through August 26, 1991. See Attachment 2. Mr. Hewitt received worker's compensation benefits under the FECA during this time. See Attachment 2.

4. Mr. Hewitt returned to work at the Department of State on August 27, 1991. See Attachment 2. He was offered a position as a WG-6, step 5, Motor Vehicle Operator, as it was the only physically appropriate job available. Complaint, Exhibits 9, 12, and 19; see also Attachment 2. Following his return to duty, Mr. Hewitt was entitled to Loss of Wage Earning Capacity. Complaint, Exhibit 13.

5. A little more than two weeks after returning to work, on September 16, 1991, Mr. Hewitt informed his supervisor that he would not be able to work due to pain he was experiencing from the 1986 back injury. Complaint, Exhibit 14. Mr. Hewitt provided medical documentation (indicating that he was totally incapacitated and unable to perform the duties of the position) and requested that he be placed on leave without pay status. Complaint, Exhibits 14 and 15.

6. The Department of State thereafter, on November 18, 1991, proposed removal of Mr. Hewitt as a WG-6 Motor Vehicle Operator due to his physical inability to perform the duties of the position when it became clear that Mr. Hewitt's availability for regular and reliable attendance at work was unlikely. Complaint, Exhibits 14 and 15.

7. Mr. Hewitt was removed from employment effective December 31, 1991. Complaint, Exhibit 2. Mr. Hewitt was advised of his right to file an appeal with the MSPB. Complaint, Exhibit 17.

8. Mr. Hewitt subsequently filed an application for disability retirement under the Civil Service Retirement System (CSRS). Mr. Hewitt elected disability retirement benefits under the CSRS effective May 1, 1995. Complaint, Exhibit 21.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

Date: October 11, 2007

James A. Forbes

3

STANDARD FORM 61
REVISED SEPTEMBER 1970
U.S. CIVIL SERVICE COMMISSION
F.P.M. CHAPTER 295
61-107

OMB APPROVAL NO. 50-R0118

# APPOINTMENT AFFIDAVITS

Elevator Mechanic (Adjustor)      August 31, 1986
*(Position to which appointed)*      *(Date of appointment)*

Department of State    A/OPR/FMSS    Washington, D.C.
*(Department or agency)*    *(Bureau or division)*    *(Place of employment)*

I,     Steven A. Hewitt            , do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

    I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

    I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

    I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

*(Signature of appointee)*

Subscribed and sworn (or affirmed) before me this 2nd day of September A.D. 19 86,

at Washington, D.C.
*(City)*      *(State)*

[SEAL]

*(Signature of officer)*

Commission expires_____ Sec. 206, Act of June 26, 1943
*(If by a Notary Public, the date of expiration of his Commission should be shown)*      *(Title)*

NOTE—The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.

☆U.S.GPO:1979-0-281-187/4238

EXHIBIT
1

Standard Form 50 - B
Rev. January 1992
US Office of Personnel Management
FPM Chapter 296

# NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | | 2. | | 3. Position Sensitivity (Opt.) | 4. |
|---|---|---|---|---|---|
| HEWITT, STEVEN A | | | 4 | | |

| 5. Veteran Preference | | | | 6. Serv. Comp. Date (Leave) | 7. Tenure | 8. Retirement | |
|---|---|---|---|---|---|---|---|
| 1—None  2—5 Pt. | 3—10 Pt. Disab.  4—10 Pt. Comp. | 5—10 Pt. Other  6—10 Pt./30% Comp. | | 03-24-75 | 1 (21) | 1-CS   3-FS   5-Other  1-FICA  4-None  6-CS Spec | |

| 9. FEGLI | | 10. FLSA | 11. Sex | 12. Citizenship | 13. Comp. Level (Opt.) |
|---|---|---|---|---|---|
| WAIVED | | E-Exempt  N-Nonexempt | | 1-US  8-Other | |

| 14. Effective Date | 15. Annuitant Indicator | | 16. Work Schedule | | 17. (Reserved for OPM Use) |
|---|---|---|---|---|---|
| 03-31-86 | 1-Reempl Ann-CS  3-RETM  2-RETO  4-RETO & CS | 5-RETM & CS  9-Not Applicable | F—Full-time  P—Part-time  I—Intermittent | G—FT Seasonal  Q—PT Seasonal  J—INT Seasonal | |

| 18-A. NOAC | 18-B. Nature of Action | | 19-A. NOAC | 19-B. Nature of Action |
|---|---|---|---|---|
| 132 | CAFS TRANSFER | | | |

| 18-C. Auth Code | 18-D. Authority | 19-C. Auth Code | 19-D. Authority |
|---|---|---|---|
| ZL | GSA DELEGATION OF AUTHORITY DTD 04-01-86 | | |

| 18-E. Auth Code | 18-F. Authority | 19-E. Auth Code | 19-F. Authority |
|---|---|---|---|
| | | | |

| 20. FROM: Position Title and Number | 27. To: Position Title and Number |
|---|---|
| | W-03523-00 ELEVATOR MECHANIC (ADJUSTOR) |

| 21. Name and Location of Employing Office | 28. Name and Location of Employing Office |
|---|---|
| GS03 | 22-1610  BUILDING MANAGEMENT OPERATIONS DIVISION  OFF. FACILITIES MGE. & ADMIN SERVICES  DEP ASST SEC FOR OPERATIONS |

| 22. Pay Plan & Occupational Code | 23. Grade or Level | 24. Step or Rate | 25. Salary | 26. Pay Basis | 29. Pay Plan & Occupational Code | 30. Grade or Level | 31. Step or Rate | 32. Salary | 33. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | WG-05313 | 11 | 05 | $13.24 | PH |

| 34. Duty Station | | 35. Position Occupied | 36. Appropriation Code (Optional) |
|---|---|---|---|
| WASHINGTON | DC | 1-Competitive  3-SES General  2-Excepted  4-SES Career Reserved | 0113.0-1097 |

37. Remarks

APPOINTMENT AFFIDAVIT EXECUTED 09-02-86
INITIAL PROBATIONARY PERIOD COMPLETED.
COMPLETED SERVICE REQUIREMENT FOR CAREER TENURE FROM 03-24-75
TO 03-23-78
"HEALTH BENEFITS COVERAGE CONTINUES."

| 38. Approval | | 39. FPMIS Data | | | | |
|---|---|---|---|---|---|---|
| 1. Title of Approving Official  DIRECTOR GENERAL | B. Date  09-11-86 | A. Supv. or Mancpr. Ind. | B. VEV IND | C. PRD | D. Barg. Unit Status  7777 | E. Functional Class |
| 2. Signature/Authentication of Approving Official | | F. Ed. Level  04 | G. Year Degree Attained | H. Academic Discipline | I. Agency Code  1990 | |
| DAVID C. WEST | | J. Location Code  11001H01 | | | K. SSN  2951  300 | |
| Q. Employing Department or Agency | | N. | O. | | P. 01-77 | Q. |

| Part  C-303 | 3 - Personnel Folder Copy | Previous Editions Unusable After 12/31/81  NSN 7540-01-118-4007 |
|---|---|---|

Standard Form 50-B
Rev. November 1985
U.S. Office of Personnel Management
FPM Chapter 296

## NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | 2. | | 3. Position Sensitivity (Opt) |
|---|---|---|---|
| HEWITT STEVEN A | | | NONSENS |

| 5. Veteran Preference | | 6. Serv. Comp. Date (Leave) | 7. Tenure | 8. Retirement |
|---|---|---|---|---|
| 1 | 1—None    3—10 Pt. Disab.    5—10 Pt. Other<br>2—5 Pt.    4—10 Pt. Comp.    6—10 Pt./30% Comp. | 03-24-75 | 1 | 1 |

| 9. FEGLI | 10. FLSA | 11. Sex | 12. Citizenship | 13. Comp. Level (Opt) |
|---|---|---|---|---|
| B    WAIVED ALL LIFE INSURANCE | N    E—Exempt<br>N—Nonexempt | M | 1    1—US<br>8—Other | 4001 |

| 14. Effective Date | 15. Annuitant Indicator | 16. Work Schedule | 17. (Reserved for OPM Use) |
|---|---|---|---|
| 08-31-86 | 9    1—Reempl Ann-CS    3—RETM<br>2—RETO    4—RETO & CS | F    A—Full-time    I—Intermittent<br>P—Part-time    G—FT Seasonal<br>    H—FT On Call<br>5—RETM & CS    D—PT Seasonal    R—PT ON Call<br>9—Not Applicable    J—INT Seasonal | |

| 18-A. NOAC | 18-B. Nature of Action | 19-A. NOAC | 19-B. Nature of Action |
|---|---|---|---|
| 352 | TERMINATION - APPT IN<br>DEPARTMENT OF STATE | | |

| 18-C. Auth Code | 18-D. Authority | 19-C. Auth Code | 19-D. Authority |
|---|---|---|---|
| BM | FPM CH 715, S3-3A | | |

| 18-E. Auth Code | 18-F. Authority | 19-E. Auth Code | 19-F. Authority |
|---|---|---|---|
| | | | |

| 20. FROM: Position Title and Number | 27. TO: Position Title and Number |
|---|---|
| ELEVATOR MECHANIC    3W18815004 | |

| 21. Name and Location of Employing Office    WHCGFN | 28. Name and Location of Employing Office |
|---|---|
| OFC OF PUBLIC BLDGS & REAL PROPERTY<br>DEPUTY ARA FOR OPERATIONS<br>BUILDINGS MANAGEMENT DIVISION<br>WEST DISTRICT<br>WASH DC | ST |

| 22. Pay Plan & Occupational Code | 23. Grade or Level | 24. Step or Rate | 25. Salary | 26. Pay Basis | 29. Pay Plan & Occupational Code | 30. Grade or Level | 31. Step or Rate | 32. Salary | 33. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|
| WG 5313 | 11 | 05 | $13.68 | PH | | | | | |

| 34. Duty Station    WASHINGTON                              DC | 35. Position Occupied | 36. Appropriation Code (Optional) |
|---|---|---|
| | 1    1—Competitive    3—SES General<br>    2—Excepted    4—SES Career Reserved | |

37. Remarks    CODE 1 IN BLOCK 8 INDICATES CSRS
DE 'F' IN BLOCK 16 INDICATES FULL-TIME EMPLMT NOT IN A SEASONAL/ON-CALL PROGRAM.

CHANGES DATA ELEMENT(S) IN BLOCK(S)

FORWARDING ADDRESS: DEPARTMENT OF STATE.

| 38. Approval | 39. FPM/S Data | | | | |
|---|---|---|---|---|---|
| A. Title of Approving Official    FOR THE APPOINTING OFFICER | B. Date    08-20-87 | A. Supv. or Nonsupv. Ind    S | B. VEV IND    N | C. PRD    0 | D. Barg. Unit Status    0062 | E. Functional Class |
| C. Signature/Authentication of Approving Official    DESIGNATED APPOINTING OFFICIAL    WASH DC | | F. Educational Level    04 | G. Year Degree Attained | H. Academic Discipline | I. Agency Code    GS03 |
| | | J. Location Code    11-0010-001 | | | K. SON    1909 |
| 40. Employing Department or Agency    GENERAL SERVICES ADMINISTRATION | | M.    W | O. | P.    GO | Q.    1154 |

5 Part                                        2 - Personnel Folder Copy                          Previous Edition Usable

Standard Form 50-B
Rev. November 1985
U.S. Office of Personnel Management
FPM Chapter 296

# NOTIFICATION OF PERSONNEL ACTION

| Name (Last, First, Middle) | 2. | 3. Position Sensitivity (Opt) |
|---|---|---|
| HEWITT, STEVEN A | | |

| Veteran Preference | | 6. Serv. Comp. Date (Leave) | 7. Tenure | 8. Retirement |
|---|---|---|---|---|
| 1 | 1—None   3—10 Pt. Disab.   5—10 Pt. Other<br>2—5 Pt.   4—10 Pt. Comp.   6—10 Pt./30% Comp. | 03-24-75 | 1 (211 | 1 |

| 9. FEGLI | | 10. FLSA | 11. Sex | 12. Citizenship | 13. Comp. Level (Opt) |
|---|---|---|---|---|---|
| 6   WAIVED | | N   E—Exempt  N—Nonexempt | M | 1  1—US  8—Other | |

| 4. Effective Date | 15. Annuitant Indicator | 16. Work Schedule | 17. (Reserved for OPM Use) |
|---|---|---|---|
| 10-17-86 | 9   1—Reempl Ann-CS  3—RETM  5—RETM & CS<br>2—RETO   4—RETO & CS  9—Not Applicable | F   F—Full-time  G—FT Seasonal  H—FT On Call<br>I—Intermittent  J—INT Seasonal<br>P—Part-time  Q—PT Seasonal  R—PT ON Call | |

| 18-A. OAC | 18-B. Nature of Action | 19-A. NOAC | 19-B. Nature of Action |
|---|---|---|---|
| 460 | LEAVE WITHOUT PAY NTE 09-30-87 | | |

| 18-C. Auth Code | 18-D. Authority | 19-C. Auth Code | 19-D. Authority |
|---|---|---|---|
| QCM | REG 353.105 | | |

| 18-E. Auth Code | 18-F. Authority | 19-E. Auth Code | 19-F. Authority |
|---|---|---|---|
| | | | |

| 20. FROM: Position Title and Number | 27. TO: Position Title and Number |
|---|---|
| M-00543-00 ELEVATOR MECHANIC (ADJUSTOR) | |

| 21. Name and Location of Employing Office | 28. Name and Location of Employing Office |
|---|---|
| 220510<br>BUILDING MANAGEMENT OPERATIONS DIVISION<br>OFF FACILITIES MGT & SUPPORT SERVICES<br>DEP ASST SEC FOR OPERATIONS | |

| 22. Pay Plan & Occupational Code | 23. Grade or Level | 24. Step or Rate | 25. Salary | 26. Pay Basis | 29. Pay Plan & Occupational Code | 30. Grade or Level | 31. Step or Rate | 32. Salary | 33. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|
| WG-05313 | 11 | 05 | $13.29 | PH | | | | | |

| 22. Duty Station | | 35. Position Occupied | 36. Appropriation Code (Optional) |
|---|---|---|---|
| WASHINGTON   DC | | 1   1—Competitive  3—SES General<br>2—Excepted  4—SES Career Reserved | 0113.0-1097 |

### Remarks

```
     FEGLI COVERAGE CONTINUES UP TO 12 MONTHS IN NON PAY STATUS.
   HEALTH BENEFITS COVERAGE WILL CONTINUE UP TO 365 DAYS IN
NON PAY STATUS IF YOU PAY EMPLOYEE SHARE OF COST.  PAYMENT
SHOULD BE MADE TO AGENCY, EITHER WHEN YOU RETURN TO DUTY
OR DURING YOUR NON PAY STATUS.
     SERVICE CREDIT FOR RETIREMENT, REDUCTION-IN-FORCE, & LEAVE
ACCRUAL PURPOSES CONTINUES FOR UP TO A MAXIMUM OF 6 MONTHS IN
NONPAY STATUS PER CALENDAR YEAR.
```



EXHIBIT
2
7777

| Approval | | 39. FPMIS Data | | | | |
|---|---|---|---|---|---|---|
| A. Title of Approving Official<br>DIRECTOR OF PERSONNEL | B. Date<br>07-15-87 | A. Supv. or Nonsupv. Ind.<br>9 | B. VEV IND | C. PRD | D. Barg Unit Status<br>7777 | E. Functional Class |
| Signature/Authentication of Approving Official<br><br>GEORGE S. VEST | | F. Educational Level<br>04 | G. Year Degree Attained | H. Academic Discipline | I. Agency Code<br>1900 | |
| Employing Department or Agency<br>STOO | | J. Location Code<br>110010001 | | | K. SON<br>2951 | |
| Part | | M. | N. | O. | P. | Q. |

3—Personnel Folder Copy          Previous Edition Usable

Standard Form 50-B
Rev. November 1985
U.S. Office of Personnel Management
FPM Chapter 296

# NOTIFICATION OF PERSONNEL ACTION

| Name (Last, First, Middle)  HEWITT, STEVEN A | 2. | 3. Position Sensitivity (Opt) |
|---|---|---|

| Veteran Preference  1 | 1—None  2—5 Pt. | 3—10 Pt. Disab.  4—10 Pt. Comp. | 5—10 Pt. Other  6—10 Pt./30% Comp. | 6. Serv. Comp. Date (Leave)  03-24-75 | 7. Tenure  1 (21) | 8. Retirement |
|---|---|---|---|---|---|---|

| FEGLI  5 | WAIVED | 10. FLSA  E | E—Exempt  N—Nonexempt | 11. Sex  M | 12. Citizenship  1 | 1—US  8—Other | 13. Comp. Level (Opt) |
|---|---|---|---|---|---|---|---|

| 14. Effective Date  10-01-87 | 15. Annuitant Indicator  9 | 1—Reempl Ann-CS  2—RETO | 3—RETM  4—RETO & CS | 5—RETM & CS  9—Not Applicable | 16. Work Schedule  F | I—Intermittent  F—Full-time  P—Part-time | G—FT Seasonal  Q—PT Seasonal | J—INT Seasonal  H—FT On Call  R—PT ON Call | 17. (Reserved for OPM Use) |
|---|---|---|---|---|---|---|---|---|---|

| 18-A. OAC  773 | 18-B. Nature of Action  EXT OF LWOP NTE 12-31-87 | 19-A. NOAC | 19-B. Nature of Action |
|---|---|---|---|
| 18-C. Auth Code  DC | 18-D. Authority  REG 353.105 | 19-C. Auth Code | 19-D. Authority |
| 18-E. Auth Code | 18-F. Authority | 19-E. Auth Code | 19-F. Authority |

| 20. FROM: Position Title and Number  M-00583-00 ELEVATOR MECHANIC (ADJUSTOR) | 27. TO: Position Title and Number |
|---|---|

| 21. Name and Location of Employing Office  220510  BUILDING MANAGEMENT OPERATIONS DIVISION  OFF FACILITIES MGT & SUPPORT SERVICES  DEP ASST SEC FOR OPERATIONS | 28. Name and Location of Employing Office |
|---|---|

| 22. Pay Plan & Occupational Code  WG-05313 | 23. Grade or Level  11 | 24. Step or Rate  05 | 25. Salary  $13.68 | 26. Pay Basis  PH | 29. Pay Plan & Occupational Code | 30. Grade or Level | 31. Step or Rate | 32. Salary | 33. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|

| 34. Duty Station  WASHINGTON    DC | 35. Position Occupied  1 | 1—Competitive  2—Excepted | 3—SES General  4—SES Career Reserved | 36. Appropriation Code (Optional)  0113.0-1097 |
|---|---|---|---|---|

37. Remarks

| 38. Approval  DIRECTOR OF PERSONNEL | B. Date  10-16-87 | 39. FPMIS Data |  |  |  |  |
|---|---|---|---|---|---|---|
|  |  | A. Supv. or Mansupv. Ind.  B | B. VEV IND | C. PRD | D. Barg. Unit Status  7777 | E. Functional Class |
| Signature/Authentication of Approving Official  GEORGE S. VEST |  | F. Educational Level  04 | G. Year Degree Attained | H. Academic Discipline | I. Agency Code  1900 |  |
|  |  | J. Location Code  110010001 |  | K. SON  2951 |  |  |
| Employing Department or Agency  S100 |  | M. | N. | O. | P. | Q. |

Standard Form 50-B
Rev. November 1985
U.S. Office of Personnel Management
FPM Chapter 296

# NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | 2. | | 3. Position Sensitivity (Opt) |
|---|---|---|---|
| HEWITT, STEVEN A | | 4 | |

| Veteran Preference | | 6. Serv. Comp. Date (Leave) | 7. Tenure | 8. Retirement |
|---|---|---|---|---|
| 1 | 1—None  3—10 Pt. Disab.  5—10 Pt. Other<br>2—5 Pt.  4—10 Pt. Comp.  6—10 Pt./30% Comp. | 03-24-75 | 1 (21) | 1 |

| FEGLI | | 10. FLSA | 11. Sex | 12. Citizenship | 13. Comp. Level (Opt) |
|---|---|---|---|---|---|
| B | WAIVED | N | E—Exempt<br>N—Nonexempt | M | 1 | 1—US<br>8—Other |

| 1. Effective Date | 15. Annuitant Indicator | 16. Work Schedule | 17. (Reserved for OPM Use) |
|---|---|---|---|
| 01-01-89 | 9 | 1—Reempl Ann-CS  3—RETM  5—RETM & CS<br>2—RETO  4—RETO & CS  9—Not Applicable | F | F—Full-time  I—Intermittent  J—INT Seasonal<br>G—FT Seasonal  H—FT On Call<br>P—Part-time  Q—PT Seasonal  R—PT ON Call |

| 3-A. DAC | 18-B. Nature of Action | | 19-A. NOAC | 19-B. Nature of Action |
|---|---|---|---|---|
| 773 | EXT OF LWOP NTE | 03-30-88 | | |

| 3-C. Auth Code | 18-D. Authority | 19-C. Auth Code | 19-D. Authority |
|---|---|---|---|
| QCF1 | REG 353.105 | | |

| 3-E. Auth Code | 18-F. Authority | 19-E. Auth Code | 19-F. Authority |
|---|---|---|---|
| | | | |

| 20. FROM: Position Title and Number | 27. TO: Position Title and Number |
|---|---|
| M-00562-03 ELEVATOR MECHANIC | |

| 21. Name and Location of Employing Office | 28. Name and Location of Employing Office |
|---|---|
| 220610<br>BUILDING MANAGEMENT OPERATIONS DIVISION<br>OFF FACILITIES MGT & SUPPORT SERVICES<br>DEP ASST SEC FOR OPERATIONS | |

| 22. Pay Plan & Occupational Code | 23. Grade or Level | 24. Step or Rate | 25. Salary | 26. Pay Basis | 29. Pay Plan & Occupational Code | 30. Grade or Level | 31. Step or Rate | 32. Salary | 33. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|
| WG-05313 | 11 | 05 | $13.68 | PH | | | | | |

| 34. Duty Station | | 35. Position Occupied | 36. Appropriation Code (Optional) |
|---|---|---|---|
| WASHINGTON | DC | 1 | 1—Competitive  3—SES General<br>2—Excepted  4—SES Career Reserved | 0113-0-1097 |

37. Remarks

SERVICE CREDIT FOR RETIREMENT, REDUCTION-IN-FORCE, & LEAVE
ACCRUAL PURPOSES CONTINUES FOR UP TO A MAXIMUM OF 6 MONTHS IN
NONPAY STATUS PER CALENDAR YEAR.

| Approval | 39. FPMIS Data | | | | |
|---|---|---|---|---|---|
| A. Title of Approving Official<br>DIRECTOR OF PERSONNEL | B. Date<br>02-02-88 | A. Supv. or Nonsupv. Ind<br>8 | B. VEV IND | C. PRD | D. Barg. Unit Status<br>7777 | E. Functional Class |
| Signature/Authentication of Approving Official | | F. Educational Level<br>04 | G. Year Degree Attained | H. Academic Discipline | I. Agency Code<br>1900 |
| GEORGE S. VEST | | J. Location Code<br>110010001 | | K. SON<br>2951 | |
| Employing Department or Agency<br>STOO | | N. | O. | P. | Q. |

Part
3-911

3—Personnel Folder Copy

Previous Edition Usable
NSN 7540-01-110-4307

n 50-B
of Personnel Management
far 296

# NOTIFICATION OF PERSONNEL ACTION

| (Last, First, Middle)  LTT, STEVEN A | 2. Social Security Number | 3. Date of Birth | 4. Effective Date  08-27-91 |
|---|---|---|---|

## 1ST ACTION / SECOND ACTION

| _ Code | 5-B. Nature of Action | 6-A. Code | 6-B. Nature of Action |
|---|---|---|---|
| /2 | RETURN TO DUTY | | |
| 5-C. Code  Q3K | 5-D. Legal Authority  5 CFR, PART 353 | 6-C. Code | 6-D. Legal Authority |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number  R-00502-00 MOTOR VEHICLE OPERATOR |
|---|---|

| 8. Pay Plan | 9. Occ. Code | 10. Grade/Level | 11. Step/Rate | 12. Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade/Level | 19. Step/Rate | 20. Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | WG | 05703 | 06 | 05 | $11.85 | PA |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization  220920  DOMESTIC FLEET MGMT & OPERATIONS BR  GENERAL SERVICES DIVISION  DEP ASST SEC FOR OPERATIONS |
|---|---|

## EMPLOYEE DATA

| 23. Veteran Preference  1 - None  2 - 5-Point  3 -10-Point/Disability  4 -10-Point/Compensable  5 -10-Point/Other  6 -10-Point/Compensable/30% | 24. Tenure  0 - None  1 - Permanent  2 - Conditional  3 - Indefinite | 25. Agency Use  21 ST TEN | 26. Veterans Preference for RIF  YES  NO |
|---|---|---|---|

| 27. FEGLI  5  WAIVED | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|

| 30. Retirement Plan  1  CIVIL SERVICE | 31. Service Comp. Date (Leave)  05-19-77 | 32. Work Schedule  F - Full-time  P - Part-Time  I - Intermittent  G - FT Seasonal  Q - PT Seasonal  J - INT Seasonal  H - FT On-Call  R - PT On-Call | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|

## POSITION DATA

| 34. Position Occupied  1 - Competitive Service  2 - Excepted Service  3 - SES General  4 - SES Career Reserved | 35. FLSA Category  E - Exempt  N - Nonexempt | 36. Appropriation Code  4519.0-8640   1114 | 37. Bargaining Unit Status  7777 |
|---|---|---|---|

| 38. Duty Station Code  10010001 | 39. Duty Station (City - County - State or Overseas Location)  WASHINGTON          DC |
|---|---|

| 40. Agency Data  08-91 | 41.  CCC | 42. SKILL | 43. | 44. |
|---|---|---|---|---|

### 45. Remarks

CHANGES SCD FROM  3/24/75   TO REFLECT EXCESS TIME IN NONPAY
STATUS DURING CALENDAR YEAR.
EMPLOYEE PAID UNDER 5 U.S.C. 81 FROM   10/17/86  THROUGH  8/26/91
THE ENTIRE PERIOD SHALL BE CREDITED FOR ALL RIGHTS AND BENEFITS
BASED ON LENGTH OF SERVICE.

ACTION PROCESSED BY (PER1HLB) 11:22

| 46. Employing Department or Agency  STOC | 50. Signature/Authentication and Title of Approving Official  EDWARD JOSEPH PERKINS |
|---|---|
| 47. Agency Code  1900 | 48. Personnel Office ID  2951 | 49. Approval Date  10-07-91 | DIRECTOR OF PERSONNEL |

Editions Prior To 4/87 Are Unusable After 9/30/88
NSN 7540-01-249-1911

5 - PART   50-314          **2 - OPF Copy - Long-Term Record - DO NOT DESTROY**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN A. HEWITT,      )
                 )
         Plaintiff,    )
                 )
       v.             )    C.A. No. 07-1097 (RWR)
                 )
CONDOLEEZZA RICE,    )
Secretary of State,      )
                 )
         Defendant.   )
                 )

## DECLARATION OF JACQUELINE CANTON

I, Jacqueline Canton, do hereby declare as follows:

1. My name is Jacqueline Canton. I am an employee of the Department of State in the Department's Office of Civil Rights ("S/OCR"). My current job title is Chief, Intake and Resolution Section. My grade is GS-14. I am responsible for the daily operation and management of the Department's Equal Employment Opportunity ("EEO") Counseling Program, including developing curriculum, scheduling training worldwide, and maintaining quality assurance of EEO counselors and their work products; the Department's Alternative Dispute Resolution (ADR) program; and the management, development and evaluation of the Department's employment discrimination complaints process. I have been in the Department of State's Office of Civil Rights since December 1990.

2. Information in S/OCR on EEO complaints is contained in a database and in paper files. Because of my current position and duties, I have unrestricted access to these files.

3. I have searched S/OCR files for records related to Mr. Steven A. Hewitt. My search included files currently in S/OCR and files that had been stored off-site.

4. Plaintiff contacted the Department of State's Office of Civil Rights on October 10, 2006. See Attachment 1. He alleged that the Department of State discriminated against him because of his disability (herniated disk and sciatic nerve damage) when he was terminated from employment on December 31, 1991. See id.

5. Plaintiff filed a formal complaint of discrimination dated November 7, 2006, claiming that he was subjected to discrimination on the basis of disability when defendant terminated his employment on December 31, 1991. See Attachment 2.[1]

6. By letter dated December 1, 2006, the Department of State advised Plaintiff that it was dismissing his complaint for failure to timely contact an EEO counselor. See Attachment 3.

7. On January 20, 2007, Plaintiff appealed the Department of State's dismissal to the Equal Employment Opportunity Commission (EEOC). See Attachment 4. In an April 20, 2007 Decision, the EEOC affirmed the Agency's final decision dismissing the complaint.

8. In his Complaint filed in District Court, Mr. Hewitt alleges that he called the EEO before he took the motor vehicle operator job in 1991 and "talked with a Dorothy Blacker." See Complaint at page 8; see also Complaint at pages 15, 16, 18. I was in the Department's Office of Civil Rights in 1991, and Dorothy Blacker did not work in the Office at that time or any other time since my tenure here from December 1990. I note that Exhibit 21 of the Complaint refers to Dorothy Blacker in "PER/RET." "PER/RET" was the Office of Retirement in the Bureau of Personnel.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

Date:

October 15, 2007

_Jacqueline A. Canton_
Jacqueline Canton

---

[1] The Defendant has attached only the first page of Plaintiff's Formal Complaint of Discrimination because the entire submission contains many exhibits.

10/13/2006 15:30 FAX    847 4969    .    SEEOCR

ATTACHMENT 1



**U.S. Department of State**
**Office of Civil Rights (S/OCR)**

## INITIAL CONTACT SHEET

EEO Counselors and S/OCR staff should use this form to record all initial contacts. Questions concerning completion of this form should be directed to the EEO Counseling Program Coordinator, Office of Civil Rights (S/OCR), (202) 647-9295. Submit completed form to the EEO Counseling Program Coordinator, S/OCR, Room 7428 HST Bldg., no later than 2 days from date of initial contact (or fax to (202) 647-4969).

Check One: **x  EEO Initial Contact Person:**
☐ **Non-EEO Initial Contact Person:**

**Contact Date: October 10, 2006**

Month          Day          Year

Purpose of EEO Contact:    Counseling  ☐  Information

_____    __10/10/2006__
Signature                          Date

---

Name: **Hewitt,**                    **Steve**
     Last                          First                          MI

Date of Birth (mm/yyyy):

Home Address: **P.O. Box 401**          **Cobb Island, Maryland**          **20625**
          Street                    City & State                Zip Code

Home Phone Number: **(301) 259-2032**          E-mail Address: **sbo745 @aol.com**

Is the Aggrieved Person a:

   U.S. Citizen? **x  Yes**    ☐ No

   Federal Government employee? ☐ Yes    **x  No**

   Department of State: **Employee**  ☐ Applicant          ☐ FSN/LES

          ☐ Contractor
                              Name of Company
          ☐ Other (Specify) _____

                    - 1 -                    (Rev. 03/06)

10/13/2006 15:30 FAX    647 4969    SEEOCR    @007

**Position/Title:**    **Elevator Technician**    **Series/Grade:** **WG-11 Step 5**

**Work Phone Number:**    **Work E-mail Address:**

**Current Employer's Name and Address (if other than Department of State):**

**Does Aggrieved have a representative?** □ Yes  x No    **Is the representative an attorney?** □ Yes □ No

**Representative's Name:**_____  **Firm's Name:** _____

**Address:**_____
　　　　　　　Street　　　　　　　　　　　　　　　　City & State　　　　　　　　　　Zip Code

**Phone Number:**_____    **E-mail Address:** _____

**Agency/Bureau/Office/Post where alleged act/event occurred:**

**Department of State, Facilities Management Building Operation Division (FMSS/B**

<u>**Comments**</u> **(Please note the basis(es)/issues, information provided and action taken,** *e.g.* **"Forwarded to counseling section," etc.):**

**Basis – Disability – Herniated Disk and Sciatic nerve damage**

**Mr. Hewitt was fired in 1991 as a Motor Pool driver because he was unable to perform his assigned duties. In 1985 Mr. Hewitt worked as an elevator operator. He fell while on the job and hurt his back. He suffers from type L 2-5 herniated disk and has permanent sciatic nerve damage. He was demoted from a WG-11 step 5 to a GS-6.**

**Mr. Hewitt contacted the Office of Civil Rights in 1991 and spoke to Dorothy Blackard. She instructed him to file a grievance or go to his congressman.**

(Rev. 03/06)

# FORMAL COMPLAINT OF DISCRIMINATION

020-07
Prince

RECEIVED

Your Name: Steven A. Hewitt I     U.S. Citizen: YES ☒ NO ☐
Telephone No: (*Work*) Retired / Disabled (*Home*) 201-259-2032
Address: ~ PO Box 401 / 13270 Main Ave.
Cobb Island MD 20625

Are you working for the Federal government? YES ☐ NO ☒
Are you: Employee ☐ Applicant ☐ FSN ☐ Contractor ☐ Other (*Specify*): Retired / Disabled
Title and Grade of Current Position: was WG-11-5
Current Employer: None - Retired / Disabled
Address: _____

Do you have a representative?     YES ☐ NO ☒
If yes, name of representative
Address: _____

Bureau/Office/Post where you believe the discrimination took place: Department of State
Date(s) alleged discrimination occurred: (*month, day, year*) December 31, 1991
The day I was Fired for getting hurt on the Job.

## Why do you believe you were discriminated against? (Check all that apply)
☐ Race (*Specify*) _____     ☐ Sex (*Specify*) _____
☐ Color (*Specify*) _____     ☐ Age (*Specify*) _____
☐ National Origin (*Specify*) _____     ☐ Religion (*Specify*) _____
☒ Disability (*circle one*): Mental or (Physical) (*Specify*): 4 Ruptured Dis +Scyatic Nerve Dmg
☐ Reprisal (Identify earlier event and/or opposed practice, give date) _____

☐ Sexual Orientation
Have you discussed your complaint with an EEO Counselor?   YES ☒ NO ☐
Did you receive a copy of the EEO Counselor's report? ?   YES ☒ NO ☐
Name of EEO Counselor: Sheila R. Clemons
Date of final Interview: 11/6/06
Explain specifically how you were discriminated against (treated differently from other
employees or applicants) because of your race, color, religion, sex, national origin, age,
mental or physical disabilities, reprisal or sexual orientation. (*attach additional sheets, if
needed*): Please see attached

What remedies and relief are you seeking? Comphensation Relief
and a Job back if possible
Have you filed a grievance or appealed to MSPB on the matter(s)? YES ☐ NO ☒

Steven A Hewitt I                                    11/7/06
**Complaint Signature**                             **Date**

ATTACHMENT 2

**United States Department of State**

*Office of Civil Rights*

*Washington, D.C. 20520–7428*
December 1, 2006

Steven A. Hewitt
P.O. Box 401
Cobb Island, MD  20625

RE:  **EEO Case Number: DOS-F-020-07**

Dear Mr. Hewitt:

This is to advise you that, pursuant to 29 C.F.R. § 1614, *et seq.* , this comprises the Department of State's Final Agency Decision dismissing, in its entirety, your formal complaint of discrimination on the basis of disability. Specifically, you allege that because of your disability, you were discriminated against when the Department terminated your employment on December 31, 1991.

Pursuant to 29 C.F.R. § 1614.105(a)(1), a complainant must bring the alleged matter to the attention of an EEO Counselor within 45 calendar days from the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action. The provisions of 29 C.F.R. § 1614.107(a)(2) state that the agency shall dismiss a claim that fails to comply with the applicable time limits contained in § 1614.105. *See* Wilson v. West, Secretary, Department of Veterans Affairs, EEOC No. 05970497 (June 4, 1999).

Based on a review of the EEO counselor's report and your formal complaint, it has been determined that your allegation of discrimination is untimely because it was not brought to the EEO Counselor's attention within 45 calendar days from the date of the alleged discrimination. Nearly 5400 calendar days passed from the time of the alleged discriminatory action and your initial contact with the Office of Civil Rights.

The EEOC has adopted a "reasonable suspicion" standard for determining the timeliness of the complainant's contact with an EEO Counselor. The time period for initially contacting an EEO Counselor is triggered when the complainant should have reasonably suspected the alleged discrimination complaint may have become known or apparent. *See* Waller v. Henderson, Postmaster General, U.S. Postal Service, EEOC No. 01980113 (Feb. 18, 1999).

**Attachment 3**

-2-

EEOC Regulations provide that the agency or the Commission shall extend the time limits when the individual shows that she was not notified of the time limits and was not otherwise aware of them, that he did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he was prevented by circumstances beyond his control from contacting the Counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission. You state that in August 1991, you spoke to an employee in the Office of Civil Rights. You state that said individual advised you to contact your Congressman. Your next action concerning seeking assistance with your allegations of discrimination occurred in 1995 after you purchased a computer and conducted your own research. You state that you contacted the Office of Special Counsel, Department of justice, President's Committee on Employment of People with Disabilities, and the Equal Employment Opportunity Commission in attempt to learn about your rights of redress. However, you did not contact the Office of Civil Rights until October 10, 2006.

Your explanation for your delay in contacting an EEO Counselor is not persuasive enough to warrant an extension of the time limit for initiating EEO Counselor contact. Moreover, the Commission has consistently held that a complainant must act with due diligence in the pursuit of his claim or the doctrine of laches may apply. *See* Kulpa v. U.S. Postal Service, EEOC Appeal No. 01A52576 (May 18, 2005); O'Dell v. Department of Health and Human Services, EEOC Request No. 05901130 (Dec. 27, 1990). The doctrine of laches is an equitable remedy under which an individual's failure to pursue diligently his course of action could bar his claim. We assert that the doctrine of laches is applicable in the present case and as such dismiss your complaint pursuant to 29 C.F.R. § 1614.105(a)(1).

This constitutes the Department of State's Final Agency Decision. You have the right to appeal this dismissal. Your appeal rights follow:

**APPEAL RIGHTS AND TIME LIMITS (29 C.F.R. §§ 1614.401-403)**

If you are dissatisfied with the Department's decision to dismiss your complaint, you may appeal in writing, using the enclosed EEOC Form 573, to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, 1801 L Street, NW, Washington, D.C. 20036, by personal delivery, mail or facsimile (FAX). A copy of EEOC Form 573 must also be furnished to the

- 3 -

Principal Deputy, Office of Civil Rights, Department of State, 2201 C Street, NW, Room 7428, Washington, D.C. 20520.

You may file a Notice of Appeal within **30 calendar days** after receipt of this decision. An appeal shall be deemed filed on the date it is postmarked, or in absence of a postmark, on the date it is received by the Commission. In or attached to your appeal to the Commission, you must certify the date and method by which you provided a copy of the appeal to the Department of State. Any statement or brief in support of the appeal must be submitted to both the Director of the Office of Federal Operations, Equal Employment Opportunity Commission and the Principal Deputy, Office of Civil Rights, Department of State, within **30 calendar days of** filing the Notice of Appeal.

If your appeal is not filed within the 30-day time limit, it will be considered untimely and shall be dismissed by the Commission.

In lieu of the above, you may elect to file a civil action. A complainant who has filed an individual complaint, an agent who has filed a class complaint, or a claimant who has filed a claim for individual relief pursuant to a class complaint, is authorized under Title VII, the ADEA, and the Rehabilitation Act to file a civil action in an appropriate United States District Court:

## RIGHT TO FILE A CIVIL ACTION (29 C.F.R. § 1614.407)

(a) Within **90** days of receipt of the final decision on an individual or class complaint if no appeal has been filed;

(b) After **180** days from the date of filing an individual or class complaint if an appeal has not been filed and a final decision has not been issued;

(c) Within **90** days after receipt of the Commission's final decision on an appeal; or

(d) After **180** days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

If you choose to file a civil action and you do not have or are unable to obtain the services of a lawyer, you may also request the court to appoint a lawyer to represent you. In such circumstances as the court may deem just, the court may appoint a lawyer for you and may authorize the commencement of the action

- 4 -

without the payment of fees, costs or security. Any such request must be made within the above-referenced 90-day time limit and in such form and manner as the court may require.

The filing of a civil action will terminate further administrative processing of the complaint. If you file a private suit subsequent to filing an appeal, you must notify the EEOC in writing. Any suit filed must name the proper defendant. The proper defendant for a complaint filed against the Department of State is Condoleezza Rice, Secretary of State.

If you need information or assistance at any stage of the processing of your complaint, please contact Ms. Lannie Prince or myself, at (202) 647-9041.

Sincerely,

Jacqueline A. Canton
Chief
Complaints Management Division

Enclosure: EEOC Form 573, Notice of Appeal/Petition

*Jackie / Joe / Henry / Greg*

MY COPY
Sent out
1/23/07

ederal Operations, Equal Employment Opportunity Commission

**Office of Feral Operations**
**P.O. Box 19848**
**Washington D.C. 20036**

Steven A. Hewitt
P.O. Box 401
Cobb Island, MD. 20625

Docket # : 0120071212
Filed    : 12/29/06
Agency Number (s) : DOSF02007

Mr. Robert J. Barnhart,
Director Compliance and Control Division
Office of Federal Operations

Please find the enclosed revised Brief in support of my Appeal to this Commission to be in Compliance with the rules of this Commission stating that any Statement or Brief provided are no longer than (10) pages long. The original Brief I sent in dated 12/29/06 was 14 pages long and I am now sending you this new Brief to Comply with your requirements. I acknowledge receipt of your letter dated January 5, 2007. I am asking you to accept this revised Brief this 22 day of January 2007, to replace the one already in your possession which did not comply with the rules of this Commission, so that my Complaint to the Office of Federal Operations, EEOC may continue with all Due Diligence. Please be advised that I have to use a P.O. Box because I live on an Island where we do not have Postal Delivery Service, as we have only General delivery with P.O. Boxes for mail.

Being unrepresented I am trying my best to accommodate your rules and regulations. Please acknowledge to me your receipt of this revised Brief. I have forwarded a copy of this revised Brief to the, EEO Office of Civil Rights, Department of State, Washington D.C. Certified/Registered return receipt.

I, Sincerely thank you for your consideration in this matter:
Steven A. Hewitt, I

Date; 1/22/07    *Steven a Hewitt I*

**Attachment 4**