UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
  STEVEN A. HEWITT,                )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )    Civil Action No. 07-1097 (RWR)
                                   )
  CONDOLEEZZA RICE,                )
                                   )
                                   )
        Defendant.                 )
_____)

ORDER

Plaintiff moves for the appointment of counsel to represent him in this employment discrimination case. For the following reasons, the motion will be denied.

Plaintiffs in civil cases generally do not have a constitutional or statutory right to counsel. *See Willis v. F.B.I.*, 274 F.3d 531, 532-33 (D.C. Cir. 2001); *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). If a plaintiff is proceeding *in forma pauperis*, the court is authorized to appoint counsel under 28 U.S.C. § 1915(e)(1), but it is not obliged to do so unless the plaintiff demonstrates that such exceptional circumstances exist that the denial of counsel would result in fundamental unfairness. *See Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986). "Whether exceptional circumstances exist requires an evaluation of the type and complexity of each case, and the abilities of the individual bringing it." *Id*. *See* Local Civil Rule 83.11(b)(3) (listing factors).

In a Title VII action such as this, the Court may appoint counsel "[u]pon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1).

In reviewing such an application, the Court should consider "(1) the ability of the plaintiff to afford an attorney; (2) the merits of the plaintiff's case; (3) the efforts of the plaintiff to secure counsel; and (4) the capacity of the plaintiff to present the case adequately without aid of counsel." *Ficken v. Alvarez*, 146 F.3d 978, 979-80 (D.C. Cir.1998) *(quoting Poindexter v. FBI*, 737 F.2d 1173, 1185 (D.C. Cir. 1984)).

Plaintiff has not set forth his efforts to secure counsel. In any event, it is too early in the proceedings to gauge the potential merits of the claim and the complexity of the legal and factual issues involved. Plaintiff has ably represented himself thus far. Considering the limited *pro bono* resources that are available, counsel will not be provided at this time. Accordingly, it is

ORDERED that plaintiff's motion to appoint counsel [Doc. No. 5] is DENIED without prejudice.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge

Date: November 6, 2007