UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEVEN A. HEWITT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-1097 (RWR) |
| CONDOLEEZZA RICE, | ) ) ) ) | |
| Defendant. | ) ) | |

ORDER

Pending before the Court is defendant's motion to dismiss or for summary judgment. Because defendant's motion could potentially dispose of this case, the Court will advise the *pro se* plaintiff of his obligations under the Federal Rules of Civil Procedure and the rules of this Court. *See Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988); *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

The plaintiff's attention is directed to Local Civil Rule 7(b), which states:

> Within … such … time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.

Local Civil Rule 7(b).

The plaintiff's attention is also directed to Rule 56 of the Federal Rules of Civil Procedure regarding summary judgment, which states in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Motions for summary judgment are also governed by Local Civil Rule 7(h), which provides as follows:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement . . . . In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

Local Civil Rule 7(h).

In other words, the Court will accept as true any factual assertions contained in affidavits or attachments submitted by the defendant in support of a motion for summary judgment unless the plaintiff submits his own affidavits or documentary evidence showing that the defendant's assertions are untrue. *See Neal v. Kelly*, 963 F.2d at 456.

Additionally, the plaintiff is directed to Rule 6(e) of the Federal Rules of Civil Procedure which provides:

> Whenever a party must or may act within a prescribed period after service and the service is made [by mail or by other means consented to in writing by the person served], 3 days are added after the prescribed period would otherwise expire.

Fed. R. Civ. P. 6(e).

The Court may treat as conceded any motion not opposed within the time limits outlined in this Order. Alternatively, the Court may consider on the merits any motion not opposed within the time limits outlined in this Order. Thus, failure to respond to the defendant's motion in this case carries with it the risk that this case will be dismissed or that judgment will be entered for the defendant. It is hereby

ORDERED that plaintiff shall file his response to defendant's motion to dismiss or for summary judgment no later than **December 6, 2007**. If plaintiff does not respond by that date, the Court will treat the motion as conceded and may dismiss the case.

_____/s/_____
RICHARD W. ROBERTS
DATE: November 6, 2007          United States District Judge