UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN A. HEWITT,<br><br>        Plaintiff,<br><br>    v.<br><br>CONDOLEEZZA RICE,<br>Secretary of State,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No. 07-1097 (RWR)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPPOSITION TO PLAINTIFF'S MOTION FOR DISCOVERY

The Defendant, through counsel, the United States Attorney for the District of Columbia, respectfully submits this opposition memorandum in response to Plaintiff's motion for discovery. Defendant respectfully submits that Plaintiff's conclusory and unsupported motion is without merit and should be denied. Whichever interpretation of Plaintiff's motion the Court chooses – whether as a motion pursuant to Fed. R. Civ. P. 56(f) or as a Rule 26 motion to initiate discovery, the state of the record does not support the motion.

## ARGUMENT

Rule 26 (d) clearly requires that the parties have conferred as required by Rule 26 (f) before discovery can be initiated. Al Odah ex rel. Al Odah v. United States, 329 F.Supp.2d 106, 107-108 (D.D.C. 2004) (finding plaintiffs' discovery requests premature because the parties had not yet held a Rule 26(f) discovery conference). The parties have not conferred, and Plaintiff has not contacted Counsel for the Defendant for purposes of scheduling a 26 (f) conference. More importantly, Defendant has filed a dispositive motion that resolves all claims advanced by Plaintiff. Resolution of this motion in Defendant's favor would obviate the need for any discovery in the case.

Plaintiff has not expressed in clear, unmistakable terms the purpose of his motion for discovery. Plaintiff makes no connection between his motion for discovery and Defendant's pending dispositive motion. Nonetheless, in the event the Court, in construing a *pro se* litigant's submissions liberally, chose to construe his filing as one pursuant to Fed. R. Civ. P. 56 (f), Defendant here sets forth reasons why such a motion also fails.

Rule 56 (f) provides that a court "may refuse the application for **[summary] judgment** or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had, if it appears from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Messina v. Krakower, 439 F.3d 755, 762 (D.C. Cir. 2006). (Emphasis added). "A party making a Rule 56(f) request must state concretely why additional discovery is needed to oppose a motion for **summary judgment**." Id. (citing Strang v. United States Arms Control & Disarmament Agency, 864 F.2d 859, 861 (D.C.Cir.1989)) (internal quotations omitted; emphasis added). "In order to claim that a motion for summary judgment is premature, a plaintiff must, under Federal Rule of Civil Procedure 56(f), 'file an affidavit explaining (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.'" Vento & Co. of New York v. Metromedia, 1999 WL 147732 ( S.D.N.Y. Mar. 18, 1999). A District Court's refusal to grant a Rule 56 (f) request is reviewed under an abuse of discretion standard. See Messina, 439 F.3d at 762, citing Novecon Ltd. v. Bulgarian-American Enter. Fund, 190 F.3d 556, 570 (D.C.Cir.1999).

This D.C. Circuit very recently affirmed the District Court's refusal to grant a Rule 56 (f) motion in Dunning v. Quander, ___ F.3d ___, 2007 WL 3404022 (D.C. Cir. Nov 16, 2007), under

circumstances very similar to those here. There, as here, the Plaintiff failed to provide reasons why discovery was necessary. Citing Strang v. U.S. Arms Control & Disarmament Agency, 864 F.2d 859 (D.C. Cir. 1989), the Dunning Court concluded that " '[w]ithout some reason to question the veracity of affiants,' we explained, '[plaintiff]'s desire to "test and elaborate" affiants' testimony falls short; her plea is too vague to require the district court to defer or deny dispositive action." Dunning, Slip Op. at * 2, citing Strang, 864 F.2d at 861. Mr. Hewitt has failed to provide as much information. Mr. Hewitt just makes a conclusory assertion that discovery is appropriate. Such a thinly-supported motion is clearly without merit and should be denied.

WHEREFORE, Defendant submits that Plaintiff's motion for discovery should be denied.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739 / (202) 514-8780 (Facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 19th day of December, 2007, I caused the foregoing Memorandum in Opposition to Plaintiff's Motion for Discovery, to be served by the Electronic Court Filing system, and a paper copy thereof, postage pre-paid, by mail, on the Plaintiff as follows:

Steven A. Hewitt
13270 Main Avenue
P.O. Box 401
Cobb Island, MD 20625

/s/
OLIVER W. McDANIEL, D.C. Bar No. 377-360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 616-0739