UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN A. HEWITT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1097 (RWR) |
| ) | |
| CONDOLEEZZA RICE, ) | |
| Secretary of State, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

The Defendant, through counsel, the United States Attorney for the District of Columbia, respectfully submits this reply memorandum in further support of her motion for summary judgment in this matter. No genuine issue of material fact precludes judgment in favor of the Defendant, and Defendant is entitled to judgment as a matter of law. Plaintiff's claims are flawed both procedurally and substantively.

**INTRODUCTION**

An analysis of Plaintiff's opposition to Defendant's Motion for Summary Judgment reveals that his case should be dismissed or judgment entered in Defendant's favor because Plaintiff's sole claim of disability discrimination fails substantively and procedurally. Principally and substantively, Plaintiff has failed to establish that he is entitled to relief both because he is not a qualified individual with a disability and, even if he were, most importantly, cannot establish a *prima facie* case of disability discrimination, as required to qualify for protection under the Rehabilitation Act. Plaintiff was not a "qualified individual" in part because the United States Department of State (hereinafter

State or "the Department") satisfied any obligations to Plaintiff under the Rehabilitation Act prior to Plaintiff's termination from the Department in 1991.

Almost two decades later, Plaintiff now seeks to advance a Rehabilitation Act claim apparently due to his dissatisfaction with the terms of the disability retirement he chose. Plaintiff labors under the misconception that he was entitled to some additional relief before his termination, even though he was physically unable to perform the duties of the lighter duty Motor Vehicle Operator position with which he was accommodated. Plaintiff's own evidence confirms that he was not able to perform the essential functions of this position. Plaintiff has submitted as an exhibit a certification from his physician establishing that he was not able to perform the duties of the position. The subsequent approval of his application for disability retirement also supports this conclusion. So, substantively, Plaintiff has failed to state a viable claim.

Procedurally, Plaintiff's claim is not just untimely, but is old and stale, notwithstanding his conclusory *post hoc* attempts to justify his late-life decision to attempt to advance a claim now. Plaintiff's suggestions that he was not properly informed about his rights by Department officials as an explanation for his failure to file timely gives the impression that Plaintiff is attempting to rely on principles of equitable tolling. However, Plaintiff has failed to provide any evidence to support such an argument. Plaintiff bears the burden of pleading and proving reasons sufficient to excuse his non-compliance with the statutory limitations period. However, Plaintiff asserts little more than that he was not informed of his EEO rights until he saw a report on the television. This assertion is contradicted by statements in his Complaint that he consulted with attorneys about his rights at the time of his removal. See, e.g., Complaint at 11-12.

The record is clear that prior to Plaintiff's separation, he was provided with the opportunity to respond to the proposed removal. Plaintiff's Exhibit 15. Plaintiff failed to respond, even to make a claim of discrimination. Plaintiff's Exhibit 17. Further, Plaintiff did not take any action to appeal to the Merit Systems Protection Board (MSPB). Instead, Plaintiff filed an application for disability retirement in 1992.

Lastly, Plaintiff has failed to raise a genuine issue of material fact and makes a number of express or implied concessions that clearly reveal the absence of a valid cause of action.[1] What the Court must consider has little to do with Plaintiff's termination in 1991. The only issue is the viability of Plaintiff's claim of disability discrimination based on events in or before 1991. As the Complaint and the record as a whole reveals, Plaintiff's claim is untimely and lacks merit.

## ARGUMENT

**Plaintiff is not a qualified individual with a disability.**

To reiterate, a "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." Id. § 12111(8); see 29 C.F.R. § 1614.203(a)(6) (EEOC Rehabilitation Act regulation). Accordingly, an individual with a disability is "qualified" if he or she can perform the essential functions of the position with a reasonable accommodation. Carr v. Reno, 23 F.3d 525, 529 (D.C. Cir. 1994).

---

[1] Defendant notes that Plaintiff has failed to file a separate Opposition to Defendant's Statement of Material Facts Not In Genuine Dispute or a Statement of Material Facts in Genuine Dispute. Given this failure to respond to Defendant's Statement of Facts, the Court may "assume that facts identified by the moving party in its statement of material facts are admitted . . .." LCvR 7(h).

Plaintiff must prove, by a preponderance of the evidence, that he has a permanent or long-term impairment which substantially limits a major life activity, <u>but that with a reasonable accommodation (which he must demonstrate exists), he can perform the essential functions of his job</u>. See <u>Aka v. Washington Hospital Center</u>, 156 F.3d 1284, 1300-01 (D.C. Cir. 1998); <u>Flemmings v. Howard University</u>, 198 F.3d 857, 861 (D.C. Cir. 1999).[2] While Plaintiff probably could establish that he sustained a severe, permanent disability, his complaint establishes that he, nonetheless, could not perform the essential functions of either his original or last position with or without accommodation. Given that Plaintiff's own doctor concluded that he was not fit to perform an essential function of the Motor Vehicle Operator position in which State placed him, he has clearly failed to sustain his burden of establishing that he is a qualified individual with a disability. Plaintiff effectively concedes that he could not perform this duty. He only contends that the Department had some further obligation to accommodate him.

In his argument, Plaintiff attempted to cite EEOC regulations implementing the Rehabilitation Act. Opposition at 8-10. However, Plaintiff cites 29 C.F.R. § 1614.203, which appears to be an incorrect citation. Notwithstanding, EEOC regulations currently provide that a "qualified individual" under the Rehabilitation Act is "an individual who, with or without reasonable accommodation, can

---

[2] See also <u>Norden v. Samper</u>, 503 F.Supp.2d 130, 146 (D.D.C. 2007) ("The parties have a duty to proceed in a "reasonably interactive manner" to determine whether the employee would be qualified, with or without reasonable accommodations, for another job assignment, and, if so, to identify an appropriate reassignment opportunity."); <u>Paegle v. Dep't of the Interior</u>, 813 F.Supp. 61, 64 (D.D.C. 1993) ("The [Rehabilitation] Act identifies a handicap as a severe disability of a permanent nature); <u>Pugh v. J.C. Penny Co., Inc.</u>, Civ.A.No. 97-3846, 1996 WL 263219, *6 (E.D.La. May 15, 1996); <u>Dorchy v. Washington Metropolitan Area Transit Authority</u>, 45 F.Supp. 2d 5, 11 and 13 (D.D.C. 1999) (Employee has the burden of proving that she can perform the essential functions of her job and proffering a reasonable accommodation that will allow her to perform these functions.); <u>Feliciano v. Rhode Island</u>, 160 F.3d 780 (1st Cir. 1998) (Plaintiff bears the burden of showing the existence of a reasonable accommodation).

perform the essential functions of the position in question." 29 C.F.R. 1630.2(m).   Here, Plaintiff could not perform the essential functions of the Motor Vehicle Operator position, which was a position afforded him to accommodate his disability.  Plaintiff himself has proffered an exhibit that confirms this fact.  His physician submitted a certification that he was not able to perform duties of the position which he accepted.  Plaintiff's Opposition Ex. 19.  Plaintiff's doctor stated "Mr. Hewitt stopped working in the position as Motor Vehicle Operator because his activity severely aggravated his symptoms.  He stopped working at my recommendation after a review of his activity at this position." Id.  The subsequent approval of his application for disability retirement also confirms this.  The law governing retirement under the Civil Service Retirement System provides for disability retirement when the employee is unable to render useful and efficient service in the employee's position. See 5 U.S.C. § 8337.

     Based on the facts as proffered by Plaintiff, no other position was available to accommodate his sever disability.  The Rehabilitation Act covers requests for only those accommodations that are "reasonable"; unreasonable accommodations are not required by the Act. See Scarborough v. Natsios, 190 F. Supp 2d 5, 24 (D.D.C. 2002) citing Garcia-Ayala v. Lederle Parenterals, Inc., 212 F.3d 638, 650 (1st Cir. 2000).  Once Plaintiff requested an accommodation, the Department was required to engage in an interactive dialogue in the attempt to identify an accommodation that was reasonable. Barnett v. U.S. Air, Inc., 228 F.3d 1105, 1111-12 (9th Cir. 2000); 29 C.F.R. Part 1630 App., § 1630.1, *et seq*. Accord, Norden v. Samper, 503 F.Supp.2d at 146.  A court must look to the facts surrounding a request for an accommodation to determine whether it is reasonable.  Id. citing Waggoner v. Olin Corp., 169 F.3d 481, 485 (7th Cir. 1999).

Reasonable accommodation does not require that the Defendant create a new job for Plaintiff. Aka, 156 F.3d at 1305; see also, F.F. v. City of Laredo, 912 F. Supp. 248, 254 (S.D. Tex. 1995) (citing Daugherty v. City of El Paso, 56 F.3d 695, 698-700 (5th Cir. 1995)). Further, the Rehabilitation Act does not "contemplate . . . that a federal employer will launch major restructuring of projects and facilities, disregarding the expenses of this accommodation." Gardner v. Morris, 752 F.2d 1271, 1280 (8th Cir. 1985). An "employee has the duty to identify a vacant, funded position whose duties [he or she] is capable of performing." Bracey v. Office of Personnel Management, 236 F.3d 1356, 1361 (Fed. Cir. 2001).

To either create a position for Plaintiff or to eliminate the essential functions of a position to accommodate Plaintiff would pose an undue hardship on the Department. An agency is not required to make an accommodation that would constitute an undue hardship on its operations. 29 C.F.R. § 1614.203(c)(1) (1996). Factors to be considered in assessing undue hardship include the overall size of the agency's program, the type of agency operation and the nature and cost of the accommodation. 29 C.F.R. § 1614.203(c)(3) (1996). Plaintiff has not alleged that he was fit to perform any of the duties of any other position for which he could have been considered. Similarly, to eliminate the essential functions of an existing position would render that position meaningless. Therefore, Plaintiff has not demonstrated that he could perform any available position with an accommodation.

Plaintiff's admission contained in Exhibit 19 attached to his opposition to Defendant's motion for summary judgment that he could not physically perform the duties of the Motor Vehicle Operator position forecloses his ability to contest that he stopped working in the position upon his Doctor's recommendation, because the activity aggravated his condition. See Woods v. City of Chicago, 234

F.3d 979, 989 (7th Cir. 2000), citing In re Sunset Bay Assocs. v. Eureka Fed. Sav. & Loan Ass'n, 944 F.2d 1503, 1513-14 (9th Cir. 1991) (holding that, once a party had admitted that the opposing party's unauthenticated exhibit contains truthful information, the court may consider the material in that exhibit because "an admission is, of course, admissible in evidence"). See also Miller v. Elegant Junk, 616 F.Supp. 551, 553 (S.D.W.Va. 1985) (uncontroverted exhibits submitted as part of pretrial statement could be considered in ruling on motion for summary judgment).

Rather than contesting his termination Plaintiff chose disability retirement. In so doing, Plaintiff had to comply with 5 U.S.C. § 8337 in order to qualify for this form of retirement. The provision states:

> An employee who completes 5 years of civilian service and has become disabled shall be retired on the employee's own application or on application by the employee's agency. Any employee shall be considered to be disabled only if the employee is found by the Office of Personnel Management to be unable, because of disease or injury, to render useful and efficient service in the employee's position and is not qualified for reassignment, under procedures prescribed by the Office, to a vacant position which is in the agency at the same grade or level and in which the employee would be able to render useful and efficient service.

Given the legal requirements of disability retirement, Plaintiff further cannot contest that at the time of his retirement he suffered a disease or injury preventing him from rendering useful and efficient service in his position and was not qualified for reassignment to a comparable position in which he could have rendered useful service. Of course, such concessions also foreclose his Rehabilitation Act claim.

So minimally, Plaintiff must explain his effort to establish his inability to work in seeking disability retirement with the Office of Personnel Management. In 1999, the Supreme Court unanimously decided Cleveland v. Policy Management SSTs. Corp., 526 U.S. 795, 797 (1999). Therein, the Supreme Court considered whether filing a claim for Social Security Disability Insurance

benefits automatically estops a claimant from pursuing an ADA claim. Id. at 797-98. The Supreme Court held "that an ADA plaintiff cannot simply ignore the apparent contradiction that arises out of the . . . disability claim[.]" The Court clearly held that a dual claimant, such as Plaintiff here, retains the burden of satisfactorily explaining any apparent inconsistencies between the two disability claims. Id. at 806. Similarly, to survive Defendant's motion for summary judgment, Plaintiff must "offer a sufficient explanation" why his disability contention offered in support of his application for disability retirement is consistent with his Rehabilitation Act claim that he could "perform the essential functions" of his previous job, or any desired position, at least with "reasonable accommodation." Id. Defendant submits that Plaintiff cannot satisfy this burden.

**The Court Need Not Consider Plaintiff's Claim Substantively, since it Is Untimely.**

The closest thing to an explanation that Plaintiff provides is the same reason offered for his failure to file a claim – lack of information. This explanation is a few proverbial "days late" and a few proverbial "dollars short." We repeat that the alleged discriminatory actions that Plaintiff raises in this proceeding must have occurred in the forty-five (45) days prior to the date of his initial EEO counselor contact (absent equitable tolling or allegations of a continuing violation, neither of which apply here). See Greer v. Paulson, ___ F.3d ___, 2007 WL 3225370, Slip Op. at *8 (D.C. Cir. 2007); Anderson v. Zubieta, 180 F.3d 329, 334-35 (D.C. Cir. 1999); Smith v. Pena, 1998 WL 164774 at *1 (D.D.C. 1998); 29 C.F.R. § 1614.105(a)(1).[3] The triggering standard that initiates the 45-day limitations period for EEO counselor contact is "reasonable suspicion." Paredes v. Nagle, 1982 WL 319 (D.D.C. 1982). Accordingly, when a plaintiff "obtains information that gives him a reasonable

---

[3] The applicable standard, 29 C.F.R. § 1614.105(a)(1), states that "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."

suspicion that he has been the victim of discrimination," the limitations period begins to run. See Hyson v. Boorstin, 1982 WL 155452 at *2 (D.D.C. 1982) (internal quotations omitted); see also Delaware State College v. Ricks, 449 U.S. 250, 258, 261 (1980) ("limitations periods normally commence when the employer's decision is made" and a plaintiff must complain when discrimination occurs not when effects of discrimination are felt by plaintiff at different time). Plaintiff bears the burden of pleading and proving reasons sufficient to excuse noncompliance with the statutory limitations period. Bayer v. Dep't of the Treasury, 956 F.2d 330, 332-33 (D.C. Cir. 1992). Applying these stringent exhaustion doctrines to this case, Plaintiff's claim should be dismissed.

Plaintiff alludes to equitable tolling, see Opposition at 10, but does not provide any evidence to support his argument. Notwithstanding his burden, Plaintiff only asserts that he was not informed of his EEO rights or his right to file a complaint until he saw a report on the television that seemed similar to his case in October 2006. See Opposition at 13. This claim, however, contradicts other assertions in the Complaint. See, e.g., Complaint at 11 ("I attend many consultations with attorney's to represent me every day for a week but to no avail" after receiving notice of the removal); Complaint at 12 ("Again I started to try an (sic) obtain counsel for representation and sought out as many attorney as I could with many, many consultations to which I could find no one to help me with my dilemma"). The record is clear that prior to Plaintiff's separation, he was provided with the opportunity to respond to the proposed removal. Plaintiff's Opposition Ex. 15. Plaintiff did not respond at all, even to assert discrimination. Plaintiff's Opposition Ex. 17. Furthermore, Plaintiff

9

failed to appeal his termination to the MSPB. Instead, Plaintiff filed an application for disability retirement in 1992.[4]

To the extent that Plaintiff's rather vague arguments about advising Department officials about his past concerns about his job and his disability even trigger issues of equitable tolling, it is not clear that Plaintiff could satisfy the standards for equitable tolling. Plaintiff would face a number of significant hurdles in achieving such a result. As stated by the Court in Colbert v. Potter, 71 F.3d 158 (D.C. Cir. 2006),

> The filing time limit imposed by Title VII, 42 U.S.C. § 2000e-16(c), 'is not a jurisdictional requirement but rather is similar to a statute of limitations.' In re James, 444 F.3d 643, 647 (D.C.Cir.2006) (citing Irwin v. Dep't of Veterans Affairs, [498 U.S. 89] (1990)); see also Zipes v. Trans World Airlines, Inc., [455 U.S. 385, 393] (1982) (recognizing that Title VII's jurisdictional statutes do not limit jurisdiction to timely filed complaints). Therefore, 'like a statute of limitations, [the statutory time requirement] is subject to waiver, estoppel, and equitabletolling.' Zipes, 455 U.S. [at 393]. ' "**Federal courts have typically extended equitable relief only sparingly . . ..**" ' Commc'ns Vending Corp. of Ariz. v. FCC, 365 F.3d 1064, 1075 (D.C.Cir.2004) (quoting Irwin, [498 U.S. at 96]).

---

[4] See Atlas Corporation v. United States, 895 F.2d 745, 755 (Fed. Cir. 1990) (statements in complaint are admissions); E.C. McAfee A/C Bristol Metal Indus. of Canada Ltd. v. United States, 832 F.2d 152, 154 n.* (Fed. Cir. 1987) (statements in pleadings are judicial admissions "that render the facts contained therein indisputable"); Rhone-Poulenc Agro, S.A. v. DeKalb Genetics Corp., 272 F.3d 1335, 1353 (Fed. Cir. 2001) ("Pleadings are judicial admissions and a party may use them to render facts indisputable."); Faust v. The Travelers, 55 F.3d 471, 474 (9th Cir. 1995) (holding that facts asserted in a complaint constitute binding and indisputable judicial admissions). It is plaintiff's pre-judgment admissions that matter, not his post-discovery, unsubstantiated, self-serving contentions. See Davis v. A.G. Edwards & Sons, Inc., 823 F.2d 105, 108 (5th Cir. 1987) (holding that the "factual dispute [between the allegations of the complaint and plaintiff's affidavit] does not render summary judgment inappropriate. Irrespective of which document contains the more accurate accounts, the [plaintiffs] are bound by the admissions in their pleadings. . . ."); Missouri Housing Development Commission v. Brice, 919 F.2d 1306, 1315 (8th Cir. 1990) ("admissions in the pleadings are binding on the parties and may support summary judgment against the party making such admissions").

Id. at 167. See also Smith-Haynie v. District of Columbia, 155 F.3d 575, 580 (D.C.Cir.1998) (quoting Mondy v. Sec'y of the Army, 845 F.2d 1051, 1057 (D.C.Cir.1988)) (equitable tolling granted only in "extraordinary and carefully circumscribed circumstances"). While Plaintiff identifies particular employees with whom he spoke, he does not claim to have inquired about filing a claim or about even asking about where to find the EEO office. However, as noted, he does admit that he sought legal advice from private attorneys. It is inconceivable that his right to file a discrimination claim would not have been discussed. These statements do not support equitable tolling. See Greer, ___ F.3d ___, 2007 WL 3225370, Slip Op. at *8(no basis for tolling); Harris v. Gonzales, 488 F.3d 442, 444 (D.C. Cir. 2007) (evidence of posted signs sufficient to place claimant on constructive notice about filing requirements).

    Here, Plaintiff waited to file his claim well beyond even the six-year general statute of limitations for civil actions filed against the United States, see 28 U.S.C. § 2401, which does not otherwise specifically apply to Title VII claims. Cf. Felter v. Kempthorne, 473 F.3d 1255, 1260 (D.C. Cir. 2007). Nonetheless, the Court in Felter recognizes Circuit authority establishing that " '[u]nlike an ordinary statute of limitations, § 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity,' " Id., quoting Spannaus v. DOJ, 824 F.2d 52, 55 (D.C. Cir.1987)). So, arguably, even equitable tolling would not apply even beyond this six-year period.[5]

---

[5] Cf. Price v. Bernanke, 470 F.3d 384, 387-388 (D.C. Cir. 2006) (§ 2401(a) sets outside time limit for suits against the United States); 28 U.S.C. § 1658 (4 year limitations period for congressional enactments after 1990).

## CONCLUSION

WHEREFORE, the Court should grant Defendant's motion for summary judgment and dismiss the complaint.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739 / (202) 514-8780 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that, on this 6th day of December, 2007, I caused the foregoing Reply Memorandum in Further Support of Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment, to be served on the Plaintiff by mail, postage pre-paid, addressed as follows:

Steven A. Hewitt
13270 Main Avenue
P.O. Box 401
Cobb Island, MD 20625

                                                  /s/
OLIVER W. McDANIEL, D.C. Bar No. 377-360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 616-0739