UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
STEVEN A. HEWITT,                   )
                                    )
           Plaintiff,               )
                                    )
      v.                            )   Civil Action No. 07-1097 (RWR)
                                    )
CONDOLEEZZA RICE,                   )
                                    )
                                    )
           Defendant.               )
_____ )


MEMORANDUM OPINION

In this action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, plaintiff alleges that he was fired from the United States Department of State in 1991 because of his disability. Defendant moves for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or for summary judgment pursuant to Rule 56.[1] She argues in part that plaintiff failed to properly exhaust his administrative remedies for his claim under the Rehabilitation Act. Because it is undisputed that plaintiff failed timely to pursue and exhaust an administrative complaint, and no equitable relief from that failure is warranted, defendant's summary judgment motion will be granted.

I. BACKGROUND

Plaintiff was hired by the State Department in August 1986 as an Elevator Mechanic (Adjustor) at a GS-11, step 5 level, earning a $13.68 per hour. Def.'s Mot., Declaration of James

---

[1] Because plaintiff has not alleged discrimination based on any of the protected classes under Title VII, *i.e.*, race, color, religion, sex or national origin, he has not stated a claim for which relief may granted under that statute. Plaintiff has properly invoked the Rehabilitation Act, however.

A. Forbes ("Forbes Decl.") ¶ 3 & Ex. 1. In October 1986, plaintiff "re-injured" his back and was placed on leave without pay from October 17, 1986 through August 26, 1991, during which time he received worker's compensation. *Id*. On August 9, 1991, plaintiff was offered a position as a Motor Vehicle Operator at a WG-6, step 5 level, earning $11.85 per hour. *Id*. ¶ 4 & Ex.2; Compl. Ex. 12. Plaintiff accepted the offer and returned to work on August 27, 1991. Compl. Ex. 12. But two weeks later, on September 16, 1991, plaintiff informed his supervisor that he could no longer work because of back pain and provided supporting medical documentation. Forbes Decl. ¶ 5. Plaintiff asked to be placed again on leave without pay from September 16, 1991 to October 28, 1991, when his physician would reevaluate his fitness for duty. *Id*. *See* Compl. Ex. 14.

By memorandum dated October 24, 1991, the State Department's Bureau of Administration asked that plaintiff be removed from employment because "it [was] apparent that [plaintiff's] availability for regular and reliable attendance at work [was] unlikely" due to his back pain. Compl. Ex. 14. By letter of November 18, 1991, the State Department informed plaintiff of the proposed removal based on his "physical inability to perform the duties of [his] positions." Compl. Ex. 15. Plaintiff was provided the materials relied upon in reaching the decision and informed of his right to respond to the proposed action within ten calendar days from his receipt of the notice. *Id*. Having received no response from plaintiff, the State Department informed plaintiff by letter of December 2, 1991 that his employment would end as of December 31, 1991. The letter further informed plaintiff of his ability to apply for disability benefits under the Civil Service Retirement System within one year of separation from the State Department and his right to appeal his removal to the Merit Systems Protection Board ("MSPB") within 20 calendar days after December 31, 1991. Compl. Ex. 17.

Plaintiff alleges that he contacted the MSPB on January 21, 1992, but was told that his "deadline to file with the MSPB had passed by one day." Compl. at 12. Plaintiff applied for disability retirement, *see* Compl. Ex. 21, and elected to receive disability retirement benefits, "in lieu of compensation benefits," as of May 1, 1995. Compl. Ex. 20.

Over a decade later, on October 10, 2006, plaintiff contacted the State Department's Office of Civil Rights ("OCR") claiming that his termination in 1991 was based on his disability identified as a herniated disk and sciatic nerve damage. Def.'s Mot., Declaration of Jacqueline Canton, Attach. 1. Plaintiff filed a formal complaint of disability discrimination on November 7, 2006. *Id.*, Attach. 2. On December 1, 2006, the OCR dismissed the complaint as untimely because plaintiff had not contacted an EEO Counselor within 45 calendar days of his effective date of termination. *Id.*, Attach. 3. Plaintiff appealed the decision to the Equal Employment Opportunity Commission ("EEOC"), *id.*, Attach. 4, which affirmed the State Department's decision on April 20, 2007. *Id.* ¶ 7. Plaintiff timely filed this civil action on June 19, 2007.

## II.  DISCUSSION

Defendant asserts that plaintiff failed to exhaust his administrative remedies by initiating a timely discrimination complaint at the administrative level.[2] Specifically, defendant argues that plaintiff had 45 days from the effective date of his termination to consult an EEO counselor. The regulation upon which defendant relies, 29 C.F.R. § 1614.105 (1992), was not in effect at the time

---

[2] Defendant asserts that the complaint should be dismissed on this ground for lack of subject-matter jurisdiction. Def.'s Mem. of P.&A. at 2. However, the exhaustion requirement is not a "jurisdictional prerequisite[] to suit, but [is] more 'like a statute of limitations, [which] is subject to waiver, estoppel, and equitable tolling.'" *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

of plaintiff's termination. The applicable regulation required plaintiff to seek EEO counseling within 30 days of his termination. 29 C.F.R. § 1613.214 (1991). And, as is the case now, the exhaustion of administrative remedies was required in 1991 prior to obtaining judicial review. *See Thorne v. Cavazos*, 744 F. Supp. 348, 350 (D.D.C. 1990) ("[T]he 1978 amendments to the Rehabilitation Act incorporated § 717 of Title VII, which makes exhaustion a prerequisite to filing a judicial complaint alleging a Title VII violation in the federal workplace.") (citing 29 U.S.C. § 794a (a)(1)).

Plaintiff concedes the untimeliness of his administrative action but asserts (1) that he was provided "misinformation" when he contacted the "Office of Personnel", and (2) that he was "never informed of [his] right to go to the EEO and file a complaint until [he] saw a report on the television [in October 2006] that related almost exactly like my case." Complainant's Motion in Opposition to Dismiss or, in the Alternative, for Summary Judgment, and to Request a Motion for Discovery on the Defendant ("Pl.'s Opp.") [Dkt. No. 14] at 10. Consideration therefore is given to whether plaintiff should benefit from equitable tolling and equitable estoppel.

A. *Equitable tolling*

The limitations period for filing an administrative charge of discrimination is subject to equitable tolling in the unusual instance where justice requires that the plaintiff be spared the consequences of failing to meet the deadline imposed. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *see also Chung v. Dep't of Justice*, 333 F.3d 273, 275-76 (D.C. Cir. 2003). "Equitable tolling, . . . which ask[s] whether equity requires extending a limitations period, [is] for the judge to apply, using her discretion, regardless of the presence of a factual dispute." *Smith-Haynie v. District of Columbia* 155 F.3d 575, 579 (D.C. Cir. 1998). Equitable tolling

"merely ensures that the plaintiff is not, by dint of circumstances beyond his control, deprived of a 'reasonable time' in which to file suit." *Chung*, 333 F.3d at 279 (quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452 (7th Cir. 1990)). "The claimant bears the burden of justifying equitable tolling." *Hood v. Sears, Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999); *see also Saltz v. Lehman*, 672 F.2d 207, 209 (D.C. Cir. 1982) (affirming district court's dismissal of complaint because plaintiff did not make a showing to support equitable tolling). Ordinarily, a party must demonstrate extraordinary circumstances to invoke a court's power to toll the statute of limitations. *Commc'ns Vending Corp. of Ariz. v. Fed. Commc'ns Comm'n*, 365 F.3d 1064, 1075 (D.C. Cir. 2004); *Stong-Fischer v. Peters*, Civil Action No. 07-265 (RWR), 2008 WL 2138161, at *4 (D.D.C. May 22, 2008).

Equitable tolling is appropriate "when the plaintiff 'despite all due diligence . . . is unable to obtain vital information bearing on the existence of his claim.'" *Chung*, 333 F.3d at 278 (quoting *Currier v. Radio Free Europe*, 159 F.3d 1363, 1367 (D.C. Cir. 1998)). "[E]quitable tolling is unwarranted where a litigant has failed to exercise due diligence in preserving his legal rights." *Commc'ns Vending Corp. of Ariz.*, 365 F.3d at 1075 (internal quotation marks and citations omitted).

"To avoid summary judgment, [plaintiff] must show the existence of evidence sufficient to permit a reasonable conclusion that the statute of limitations should have been equitably tolled." *Smith-Haynie*, 155 F.3d at 579. Plaintiff claims that he "now realize[s]" that when he inquired in 1991 about "help in putting me into a job that I was trained for," he was referred to a woman, Ms. Blacker, in the Retirement Division rather than to an EEO officer. Pl.'s Opp. at 9-10. Plaintiff states that Ms. Blacker told him to "go to my Congressmen and to file a grievance of

Discrimination," *id*. at 10, and that "Congressm[a]n Moran on August 23, 1991 [said] that they were going to look into the matter for me." *Id*. Plaintiff claims further that Congressman Moran's office responded again on October 3, 1991, "stating that his office had contacted the State Department concerning my grievance," *id*., but that in a letter received on October 23, 1991, Congressman Moran's office "informed me that there was nothing that they could do to assist me in getting placed in a job for which I was trained." Compl. at 10.

    Plaintiff faults defendant for giving him "misinformation." Pl.'s Opp. at 10. But, by his own admissions, plaintiff was more interested in obtaining a job commensurate with his training than in redressing any perceived discriminatory treatment based on his disability. In any event, plaintiff's assertion that he discoved his discrimination claim 15 years later is undermined by two of his statements. First, plaintiff alleges that he had "many consultations" with attorneys but claims that in 1991, presumably the week following the removal notice, "it was nearly impossible to get an attorney who would go up against the government." Compl. at 11. Defendant reasonably counters that it is "inconceivable" that plaintiff's "right to file a discrimination claim would not have been discussed" during such meetings. Def.'s Reply Memorandum in Further Support of Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment [Dkt. No. 22] at 11. Second, plaintiff recalls Ms. Blacker telling him in 1991 "to file a grievance of Discrimination." Plaintiff, then, had at least inquiry notice of a possible discrimination claim in 1991, but apparently chose not to pursue it. Plaintiff has not demonstrated that he is entitled to equitable tolling. *See Marshall v. Honeywell Technology Solutions, Inc.*, 536 F. Supp. 2d 59, 68 (D.D.C. 2008) ("[E]ven fully crediting Marshall's unrebutted statement that she was misled," due

diligence was not established where plaintiff filed administrative charges "735 days after the last of her alleged age-related injuries, and 435 days after the time to file such a charge had expired.").

    B.  *Equitable estoppel*

A defendant may be equitably estopped from asserting a defense based on untimeliness when she "has done something affirmative -- whether by trickery, misinformation, or some other device -- to prevent the plaintiff from litigating in time." *Kersey v. Washington Metropolitan Area Transit Authority*, 533 F. Supp. 2d 181, 197 (D.D.C. 2008). Courts, including the D.C. Circuit, have emphasized that the defendant must engage in affirmative misconduct in order for equitable estoppel to apply. *Moore v. Chertoff*, 424 F. Supp. 2d 145, 150 (D.D.C. 2006) (citing cases).

An agency's obligation to "require" EEO counseling is triggered by "an aggrieved person *who believes* that he . . . has been discriminated against because of . . . [his] handicapping condition." 29 C.F.R. § 1613.213 (1991) (emphasis added). Thus, it is incumbent upon the employee to convey his belief to the agency in a timely manner. *See Neely v. CIA*, Civil Action No. 79-3237 (TAF), 1981 WL 325, at *6 (D.D.C., Oct. 8, 1981) (regulations "provide that the agency may accept a complaint regarding a 'personnel action' if the subject matter is brought to the attention of an EEO counselor '[w]ithin 30 calendar days of its effective date.'"); *accord Klugel v. Small,* 519 F. Supp. 2d 66, 72 (D.D.C. 2007) (employee must "(1) contact an agency official 'logically connected' with the EEO process . . . and (2) demonstrate an intent to begin the EEO process.") (citing cases).

Because there is no evidence that prior to October 2006 plaintiff conveyed to anyone connected with the EEO process his desire to pursue a discrimination claim, no reasonable

conclusion can be drawn that defendant actively misled plaintiff about his right to seek EEO counseling upon his termination in December 1991. *See Klugel*, 519 F. Supp. 2d at 73 (an agency's failure to provide "information about the EEO process reflect[s] passive rather than affirmative conduct"). Therefore, no basis exists for applying equitable estoppel.

### III.  CONCLUSION

Plaintiff has not proffered evidence permitting a reasonable conclusion (1) that he exercised due diligence in protecting his legal rights to warrant equitable tolling, or (2) that defendant engaged in affirmative misconduct to warrant equitable estoppel. Because it is undisputed that plaintiff failed to properly exhaust his administrative remedies by seeking EEO counseling in a timely manner, defendant is entitled to judgment as a matter of law. A separate Order accompanies this Memorandum Opinion.

_____/s/_____
RICHARD W. ROBERTS
DATE: June 17, 2008                United States District Judge