**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RECEIVED
AUG 1 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Steven A. Hewitt,
13270 Main Avenue,
P.O. Box 401,
Cobb Island, MD 20625,
301-259-2032,
**COMPLAINANT**

VS.                                :   CIVIL ACTION NO. 07-1097 RWR

Condoleezza Rice,
   Secretary,
Department of State,
2201 C Street N.W.
Washington, DC 20520
**DEFENDANT**

**PLAINTIFFS NOTICE OF APPEAL TO THE
UNITED STATES FEDERAL COURT OF APPEALS**

Comes now, the Plaintiff in the above mentioned Case NO. 07-1097 RWR, Steven A. Hewitt presently unrepresented, *Pro-Se*. The Plaintiff being granted his Motion of filing *Forma-Pauperis*. The Plaintiff also being Granted the use of a P.O. Box due to the fact that the Plaintiff lives on an island where there is no mail delivery. With all Due Respect to the United States District Judge, the Honorable Richard W. Roberts, it is in the opinion of this Plaintiff that he was not afforded his First Amendment Rights to be heard before just Dismissing the Cause of action brought before this Honorable Court. For the following reasons the Plaintiff Prays for consideration that this appeal should to be Granted.

Page 1

## 1. **POINTS IN AUTHORITY**

The evidence that has been submitted to the Courts proves unequivocally that Discrimination on the basis of my Job related injury was indeed only one of the many reasons why there has been a Complaint brought to the attention of the United States Courts System which is in place to protect those whom have been wronged or harmed and damaged for life by which I have no other recourse.

- Count I    §1630.4 <u>Discrimination on the Basis of Disability:</u> In the Federal Laws Prohibiting Job Discrimination under the Federal Equal Employment Opportunity (EEO) Laws. It is Unlawful to Discriminate under Sections 501 and 505 of the Rehabilitation Act of 1973, as amended, which incorporate the requirements of the ADA, which prohibit discrimination against qualified individuals with disabilities who work in the Federal Government; and the Civil Rights Act of 1991, which, among other things, provides monetary damages in cases of intentional employment discrimination. Shown in Evidentiary.

- Count II   <u>Negligence</u>; Under the rule §1630.4 It is prohibited practice to transfer or reassign the person which qualifies as a person with a disability without first making reasonable accommodation for the disabled individual. No such accommodation was ever offered. The Plaintiff was told his job was abolished. I was to be retrained, after 15 years as an Elevator Mechanic, a job that I loved and enjoyed the benefits and privileges of my employment. This is nothing short of <u>Retaliation</u> on grounds that I cannot even begin to comprehend as to why.

PHILIP S. WOODRUFF, APPELLANT v. MARY E. PETERS, SECRETARY, U.S. DEPARTMENT OF TRANSPORTATION, APPELLEE
No. 05-5033
UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT
375 U.S. App. D.C. 429; 482 F.3d 521; 2007 U.S. App. LEXIS 7970; Am Disabilities Cas. (BNA) 164

- Count III    <u>Breach of Duty:</u> The Department of State (DOS) approved my retraining in the field of Computer Repair and I attended TESST Computer College and Graduated with a 3.65 GPA. Upon my graduation I immediately contacted the (DOS) and informed them that I had graduated in the top 5 in my class and was ready to return to work. I was never offered a job in the field for which I was trained for and promised a position in the Electronics Technical field. This <u>Breach causing harm in Fact.</u>

- Count IV    <u>Reprisal:</u> The first job offered to me was a Janitorial inspectors job, which I declined to take. The second job offered to me was an Sound Recorders job, making copies of foreign speeches which I declined. The third offer was a Shuttle Bus Drivers job. When I declined to take this job, I was ordered to report to the (DOS) the next day by 10:30 AM at which time I was threatened that if I did not take this job I would be down graded to the grade of that position, a WG-6 from my 15 year grade held as a WG-11 and that would be the amount I would receive from Workman's Comp.

- Count V    <u>Intentional Tort:</u> I was forced to beg my doctor to let me take the Shuttle Bus drivers position so that I could return to work even though the (DOS) spokesperson knew that I was taking Narcotics for pain, Percocet 10/650 and Valium 10mg as a muscle relaxer. Thus putting myself and my passengers at a very dangerous and high risk of harm, besides causing me to break the law by driving under the influence of these Narcotics which forced a <u>Vicarious Liability</u> upon me. This Intentional Tort was an act that inflicted a reasonably foreseeable cause to harm me and my reputation as a devoted and committed employee, and did exactly that, not to mention the intentional infliction of emotional distress it imposed upon me.

- Count VI    <u>Defamation:</u> Being fired by the United States Government, is a very detrimental notation that had to be disclosed on my resume after working as a Civil Servant for most of my life, from March 24, 1975 to December 31,1991. Company after Company looked at my resume and questioned me as to why I was fired from the Federal Government and was at times laughed to scorn, stating that Civil Servants could not be fired. Firing me for Non-disciplinary reasons and then noting that it was because of an on the job related injury Defamed my character as a reliable and dependable employee. Thus creating an Economic tort of sort that interfered with my trades, both as an Elevator Mechanic and a Computer Technician as I was passed for the many jobs that I tried to get. My schooling in Electronics profited me absolutely nothing which finally forced me to file for Disability Retirement in fear of losing my ability to support my new born son.

## II. <u>Summary</u>

When the Plaintiff contacted his Congressmen (James Moran) it is inconceivable that this in and of itself did not trigger an investigation into the discriminatory act of placing the Plaintiff in a down-graded position 5 grades lower than his previous employment as an Elevator Mechanic. When the (DOS) responded to Congressmen James Moran, they stated that they had done all that they could do for the Plaintiff. So I would question as to who did the Congressmen contact? Nothing was done to accommodate my disability and the exhibits prove exactly that. The Honorable Judge Roberts denied me a court appointed attorney so that I could present case law to prove my case, and that created an unfair advantage that prejudiced this case in favor of the Defendant.

Anyone familiar with the Federal Code of Regulations would know that I had been discriminated against by the changing my position and placing me in a lower Grade Level pay scale which is illegal as a Matter of Law. I spoke with Tim Aiken twice on the phone to try and get copies of the report that Congressmen James Moran sent to me, (my original copy was destroyed in the Storm of Hurricane Isabel). Mr. Aiken stated in our first conversation that he could see that I filed a complaint but could not pull up the report. I called numerous times after that to which he never returned one call.

On page (five) of the District Courts ruling, the Honorable Judge Roberts states, Equitable tolling is appropriate"when the Plaintiff 'despite all due diligence... is unable to obtain vital information bearing on the existence of his claim'". I had no money to afford the expense of finding the "Ends of Justice". Judge Roberts goes on to state, "To avoid summary judgement, [plaintiff] must show the existence of evidence sufficient to permit a reasonable conclusion that the statute of limitations should have been equitably tolled." With no counsel either from an attorney or more-so from the EEO to which under there rules, I would have been entitled to a court appointed attorney at no cost to me. Justice should not be for only those who can afford to pay for it.

On page (six) of the District Courts ruling in paragraph (two), the Court sites, Defendant reasonably counters that it is "inconceivable" that plaintiff's "right to file a discrimination claim would not have been discussed" during such meetings. When someone goes to an attorney for counsel, one of the very first questions that is asked is, can you afford a $20.000.00 retainer fee. Of course my answer is absolutely not. Just how much free counseling does the Court think that someone who cannot afford to pay is going to get? I was told by the last attorney I contacted that the reason I cannot find an attorney to represent me is because no attorney wants to wait 5 years or more to get paid for all the extensive work to be done to win a case against the government. Times are different now. Attorneys are look for reasons to sue the government. The term discrimination includes, but is not limited to, the acts described in §§1630.5 through 1630.13 of this rule.

Page 5

## III. **CONCLUSION**

The Plaintiff in this case hereby takes issue with the many facets of this case. (1) In a letter from the District Court in the matter of the denial of Court Appointed Counsel, the Courts opinion was stated as such, "The Plaintiff has ably represented himself thus far". It is now become obvious that the Plaintiff's ability was not sufficient enough to warrant this case to go before a fact finders trial. (2) In the conclusion of the Courts finding that the Plaintiff had not proffered sufficient evidence showing that (He) the Plaintiff exercised due diligence in protecting my legal rights to warrant equitable tolling. [A] I contacted, (as directed by the office of personnel Kathy Parrot), my Congressmen to file a grievance. This being before I even took the job of the Shuttle Bus Driver. If a Congressmen cannot do anything about discriminatory acts perpetrated upon a Civil Servant of many years, then who can? Especially since the words EEO or the EEOC were never mentioned to me at anytime. How was I to know my Civil Rights if they were never explained to me by anyone?

Revisiting the issue of Equitable Tolling: It has always been my understanding that, The United States Government is as a Sovereign entity, and cannot be sued unless Congress enacts legislation that subjects the United States to liability. That principle sounds simple enough, but Congress's intent in waiver-of-sovereign-immunity statutes has proven to be extremely difficult, especially to unrepresented individuals, with the courts struggling to ascertain how wide Congress has opened the Courthouse and Treasury doors to claims against the United States. Whether limitations periods that extinguish rights against the United States can be equitably tolled is one stage upon which this difficulty has played itself out. Exacting limitation periods are by their very nature harsh because they cut off a person's Civil Rights without regard to the Merits of the claim. The doctrine of equitable tolling has evolved to temper this harsh result, at least when the defendant is somehow at fault for the plaintiff's failure to file a timely claim.

Page 6

The question of whether limitations periods applicable to plaintiff's suing the United States should be equitably tolled has produced seemingly contradictory answers. The Federal Tort Claims Act (FTCA) contains two limitations periods that stem from the Act's mandatory requirement that plaintiff's present their claims to the appropriate federal agency for possible settlement prior to filing suit in federal court. (Note: First, that this was done by contacting my Congressmen James Moran which as stated previously was before my being fired). Secondly, again by contacting the MSPB after giving up on possibility of retaining an attorney, only to be told that 20 days means calender days and not working days and I concede, an error on my part by one day.

The FTCA claimant has two years from the time the claim accrues to file that claim, and then six month's to file suit if the claim is denied. Thus all of these requirements were met with due diligence. When learning that my Civil Rights had indeed been Violated to the upmost extreme, practically on every level of the Federal Laws Prohibiting Job Discrimination under the Federal Equal Employment Opportunity (EEO) Laws. In 2005 after having to learn how to get into the Federal Sector of Laws Prohibiting Job Discrimination under the Federal Equal Employment Opportunity (EEO) Laws, via the internet because I have no Law Degree and am not privy to the Laws pertaining to our Civil Rights having no representation.

In the Regulations Concerning Federal Sector Equal Opportunity's own wording on appeals, on [[Page 37654]] It states". In response to the Commission's statement in the NPRM that the Commission will strictly apply appellate time frames, a number of the commenters suggested that provision be made for extending the appellate time limits for good cause shown. Part 1614 already provides that regulatory time limits''are subject to waiver, estoppel and equitable tolling.'' 29 CFR Sec. 1614.604 (c).

Most commenters agreed with the Commission's proposal that the Office of Federal Operations be empowered to impose sanctions or otherwise take appropriate action regarding any party who fails, without good cause shown, to comply with appellate procedures or to respond fully and timely to a Commission request for information. <u>Some commenters were concerned that this provision could unfairly impact unrepresented complainants. To the extent an unrepresented complainant fails to comply due to mistake, lack of knowledge, or misunderstanding, the Commission will take such factors into consideration when determining whether good cause has been shown.</u>

According to the Supreme Court in 1990, in the Courts own words,
[A] continuing effort on our part to decide each case on an ad hoc basis, as we appear to have done in the past, would have the disadvantage of continuing unpredictably without the corresponding advantage of greater fidelity to the intent of Congress. We think that this affords us an opportunity to adopt a more general rule to govern the applicability of equitable tolling in suits against the Government. Was the Court suggesting that courts should make a determination of how generous a statute of limitations is when determining whether or not to toll a statute of limitations? Could a court equitably toll a limitations period if, despite Congress's decision to prescribe a particular limitations period, a court decides that that period is not generous enough? The answer to both questions must be no. Any other conclusion would allow courts to second-guess Congress's judgement about the appropriate limitations period that should attach to Congressionally Created Rights, and thereby permit courts to extend Congress's waiver of immunity by way of a judicial determination that the particular limitations period is not "generous" enough. Neither contention can be squared with well-established canons of statutory construction in the waiver-of-sovereign-immunity context. See United States v. Dalm, 494 U.S. 596, 609-10 (1990); United States v. Kubrick, 444 U.S. 111, 117-18 (1979); Minnesota v. United States, 305 U.S. 382, 388-89 (1939)

See United States v. Kubrick, 444 U.S. 111, 121 (1979); Barnhart v. United States 884 F .2d 295, 298-99 (7th Cir. 1989); Abney, supra note 19, at 721. But see Sinclair & Szypszak, supra note 19, at 23 ("The diligence discovery rule [of Kubrick] should not be characterized as an equitable tolling of the statute, notwithstanding the obvious concern with fairness inherent in the diligence discovery rule.") That the plaintiff know or, in the exercise of reasonable diligence, should know, that he has a cause of action against the United States, the FTCA has no such requirement. See *id*. At 121-22. If the plaintiff is confronted with the facts indicating that he has been injured and indicating the cause of that injury, the two year time limit is triggered. See *id*. At 122-24. Under Kubrick, a plaintiff faced with evidence of an injury and evidenced of a cause, has an obligation to seek out advice to determine whether in fact he has a cause of action against the United States. See *id*. At 123-24

Like the "should have known aspect" this defines when the limitations clock begins to run. Once a claim has accrued, though, a plaintiff has two years to file an administrative claim with the appropriate federal agency; the "should have known" standard does not at all extend the two year period. Equitable tolling, on the other hand, *does* extend the two year period for judge-made equitable reasons, so that an FTCA plaintiff would have more than two years to file an administrative claim. The six-month time period in the FTCA imposes upon plaintiffs a time limitation for filing suit in federal district court after their administrative claims have been finally denied. As the text of § 2401(b) makes clear, the six-month clock begins to run "after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which [the claim] was presented." Once the United States complies with the terms of §2401(b) by using a final denial by certified or registered mail, the FTCA plaintiff has six months from the date of the denial letter to file suit in the federal district court, otherwise the claim is barred "forever." This plaintiff has meet every requirement of this procedure.

Equitable tolling: is a principle of tort law stating that a statute of limitations shall not bar a claim in cases where the plaintiff, despite use of due diligence, could not or did not discover the injury until after the expiration of the limitations period. The plaintiffs injuries in this case have continually gotten more and more severe as time passes. My doctors have determined that if the degeneration of the vertebral disc's and the sciatic root nerves continues at the current rate, the plaintiff will be in a wheelchair within five years. The Department of State has committed a very egregious crime against this plaintiff that robbed me of everything I ever worked for, to be a productive Civil Servant and to serve our government to the best of my ability. I have lost everything but my hope that this Honorable Court of Appeals will recognize the heinous grief that has been trusted upon me. Even denying me my right to severance pay after the many years of service to add insult to injury. The Plaintiff is entitled to fair Judgement as a Matter of Law against such practices of Discrimination and such as is set forth in this Notice of Appeal before this Honorable Court.

I, Steven A. Hewitt (Plaintiff) am Honorably and Respectfully, Humbly Praying that this Honorable United States Court of Appeals will Grant my Appeal and allow this plaintiff to Find the Ends of Justice. Thank you for your consideration in this matter.

Date: 8/15/08

Respectfully yours,
Steven A. Hewitt

*Steven A. Hewitt* (signature)

P.O. Box 401
Cobb Island, MD 20625
301-259-2032

# CERTIFICATE OF SERVICE

I, Steven A. Hewitt, Plaintiff, do hereby certify that on this 15th, day of August 2008, I proposed the forgoing Notice of Appeal. I declare to have sent a copy of this Notice of Appeal postage prepaid, by Certified/Registered, Return receipt to the assistant U.S. Attorney, Oliver W. McDaniel, Civil Division, 555 Fourth Street, N.W. Washington, D.C. 20530. PH 202-616-0739

Date: 8/15/08

Respectfully,

Steven A Hewitt

*[signature]*

P.O. Box 401

Cobb Island, MD 20625

301-259-2032